[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before this court is the motion of defendant Child World for summary judgment on count two of plaintiff's complaint.
Plaintiff filed a two count complaint against the defendants Child World, Inc. dba Child World and Jerome Gomez on September 26, 1990. In his complaint plaintiff alleges the following facts. On or about November 28, 1989, plaintiff and defendant Gomez were employees of defendant Child World. On this day defendant Gomez "intentionally and willfully" struck plaintiff on the head with an aluminum baseball bat.
Plaintiff sustained a 2" laceration on the top of his head and as a result has suffered permanent injury.
The first count of plaintiff's complaint is directed toward defendant Gomez and is an action for intentional battery.
The second count of plaintiff's complaint is directed toward defendant Child World in which plaintiff alleges that defendant Child World was negligent in hiring and supervising defendant Gomez.
Defendant Child World filed an answer and three special defenses to count two of plaintiff's complaint on November 1, CT Page 2840 1990. In its second special defense, defendant Child World alleges that plaintiff's claim is within the provisions of the Connecticut Workers' Compensation Act and is therefore barred by General Statute 31-284.
In his reply, plaintiff in pertinent part, denies the allegations of the second special defense.
Defendant Child World filed a motion for summary judgment, and a memorandum of law, on count two of plaintiff's complaint. Defendant Child World asserts in its memorandum of law that plaintiff's claim is barred by the Connecticut Workers' Compensation Act. Said defendant attached to its motion, as an exhibit, its request to admit, and plaintiff's answer to defendant's request to admit.
Defendant Child World filed a request to admit on December 18, 1990 seeking plaintiff to admit the following:
 "the plaintiff received worker's compensation benefits via a stipulation with CHILD WORLD, INC., and its worker's compensation insurance company, Zurich Insurance Company, arising from the incident which provides the basis for the above entitled matter."
Plaintiff answered the defendant's request to admit in the affirmative.
Plaintiff filed a memorandum of law in opposition to defendant's motion for summary judgment. In his memorandum, plaintiff asserts that there exists a genuine issue of material fact as to whether the action is barred by the Connecticut Workers' Compensation Act because plaintiff claims that the action did not "arise out of and in the course of his employment."
Plaintiff attached to his memorandum an affidavit by plaintiff, a form for notice of claim filed by plaintiff with the workers' compensation commission, a notice to compensation commissioner and employee of intention to contest liability to pay compensation filed by defendant Child World, a document from defendant's workers' compensation carrier denying plaintiff's workers' compensation claim, an agreement and petition to compromise and order signed by plaintiff and approved by the Compensation Commissioner, a document signed by plaintiff which sets out what the stipulated agreement means to plaintiff, and a letter from defendant Child World's attorney to plaintiff's attorney.
A motion for summary judgment shall be granted "if the CT Page 2841 pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384; Lees v. Middlesex Ins. Co., 219 Conn. 644. "A summary disposition should be rendered in the limited instances where the evidence is such that no room for disbelieve could exist in the minds of a jury and which would require a directed verdict for the moving party." Yanow v. Teal Industries, Inc., 178 Conn. 262.
Defendant Child World argues, in its memorandum of law in support of its motion for summary judgment, that there exists no genuine issues of material fact and that it is entitled to judgment as a matter of law because plaintiff's negligence against it is barred by Connecticut Workers' Compensation Act General Statutes 31-284 et seq. General Statutes 31-284(a) reads, in pertinent part, "[a]n employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment. . . ."
The gist of plaintiff's argument is that the action is not barred as a matter of law because neither the compromise agreement signed by plaintiff and approved by the Compensation Commissioner nor plaintiff's admission that he accepted benefits under the Connecticut Workers' Compensation Act is conclusive as to the issue of whether plaintiff's injury arose out of and in the course of plaintiff's employment and therefore a material fact regarding this issue exists.
Defendants' motion should be granted. On August 14, 1990, the Compensation Commissioner for the At Large Third District "approved with the force and effort of a final award" the Agreement and Petition to Compromise plaintiff's claim for workers' compensation. By reason of this award, the determination has been made that plaintiff's injuries arose out of and in the course of his employment with the movant; the principle of collateral estoppel precludes a redetermination of that issue. Therefore, plaintiff's claim against his employer under the second count cannot be maintained Saporoso v. Aetna Life Casualty Co.,221 Conn. 356, 367, 368; Horney v. Johnson, 167 Conn. 621, 622.
Accordingly, said motion for summary judgment as to the second count is granted.
RONALD J. FRACASSE, JUDGE