JOHN A. SGUEGLIA *v.* MILNE CONSTRUCTION COMPANY
(13686)

SHEA, CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued June 15—decision released August 8, 1989

*William F. Gallagher*, with whom, on the brief, was *Evelyn A. Barnum*, for the appellant (plaintiff).

*Robert G. Oliver*, with whom, on the brief, was *Carolyn P. Gould*, for the appellee (defendant).

COVELLO, J. This is an appeal from a judgment of the Superior Court, *Purtill, J.*, granting the defendant's motion for summary judgment. The underlying action involves a negligence claim brought by an employee of a subcontractor against the general contractor for injuries claimed to have been sustained at a job site under the control of the general contractor. The dispositive issue is whether the trial court erred in concluding that General Statutes § 31-291[1] does not create an impermissible emolument in violation of article first, § 1 of the Connecticut constitution.[2] We con-

---

[1] "[General Statutes (Rev. to 1985)] Sec. 31-291. PRINCIPAL EMPLOYER, CONTRACTOR AND SUBCONTRACTOR. When any principal employer procures any work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work so procured to be done is a part or process in the trade or business of such principal employer, and is performed in, on or about premises under his control, such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or subcontractor."

[2] Article first, § 1 of the Connecticut constitution provides: "All men when they form a social compact, are equal in rights; and no man or set of men are entitled to exclusive public emoluments or privileges from the community."

clude that the statute does not create any such emolument, and that the general contractor, as the plaintiff's principal employer, is immune from tort liability pursuant to the statute. We therefore find no error.

On January 30, 1985, the plaintiff, John A. Sgueglia, brought this action against Milne Construction Company (Milne), a general contractor. The complaint alleged that on February 24, 1983, the plaintiff was working as a laborer for D&M Masonry Company, Inc. (D&M), installing brick veneer on a mausoleum then under construction at St. Lawrence cemetery in the town of West Haven. D&M was a subcontractor of Milne, the general contractor on the project. The complaint further alleged that the plaintiff was injured when a wheelbarrow he was pushing came to a sudden stop due to Milne's negligence in failing to maintain proper soil conditions in the area in which the defendant was working.

On March 11, 1985, D&M filed an intervening complaint claiming that, at the time of the incident, Sgueglia was a D&M employee within the scope of the Connecticut Workers' Compensation act, and as such D&M was entitled to reimbursement for the workmen's compensation payments it had made from any recovery.

The defendant Milne interposed a special defense claiming that it was the plaintiff's principal employer and therefore immune from liability under General Statutes §§ 31-291 and 31-284. The plaintiff in this appeal does not dispute that Milne was the principal employer for purposes of § 31-291.

At the time the incident occurred § 31-291 provided that "[w]hen any principal employer procures any work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work so procured to be done is a part or process in the trade or business of such principal employer, and is per-

formed in . . . premises under his control, such principal employer shall be liable to pay all compensation [under the workers' compensation act] to the same extent as if the work were done without the intervention of such contractor or subcontractor." Thus, an employee of the subcontractor is barred from any tort action against the principal general contractor as the employer pursuant to General Statutes § 31-284 (a).[3]

Milne contracted with D&M as the masonry subcontractor on November 15, 1982. As part of its subcontract with Milne, D&M was required to, and did, provide a certificate of insurance evidencing coverage for workers' compensation and employer's liability. The plaintiff admits receipt of temporary total disability payments and rehabilitation subsidy payments from his employer D&M.

Milne filed a motion for summary judgment against Sgueglia and the intervening plaintiff, D&M, claiming that Milne was a principal employer within the meaning of § 31-291. Milne claimed that Sgueglia, therefore, was barred from any action against it by virtue of § 31-284, which makes compensation under the workers' compensation act the exclusive remedy for dam-

[3] "[General Statutes (Rev. to 1985)] Sec. 31-284. BASIC RIGHTS AND LIABILITIES. (a) An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as follows, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. All rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment as aforesaid are abolished other than rights and claims given by this chapter, provided nothing herein shall prohibit any employee from securing, by agreement with his employer, additional benefits from his employer for such injury or from enforcing such agreement for additional benefits."

ages on account of personal injury sustained by an employee, including employees of subcontractors.

On January 3, 1989, the trial court granted the motion for summary judgment. The court concluded that the conditions of § 31-291 were met and that as a matter of law Milne was a "principal employer" within the meaning of the statute.

In its decision, the court also considered the plaintiff's argument that to permit the defendant to assert the principal employer rule of § 31-291, in light of the operation of other workers' compensation statutes, violated article first, § 1 of the Connecticut constitution. The plaintiff argued in the trial court that permitting Milne to take advantage of the principal employer defense would constitute granting an emolument to the principal employer lacking any public purpose. The trial court held that § 31-291 did not violate the plaintiff's constitutional rights in the circumstances of this case. The plaintiff appealed to the Appellate Court, and we transferred the case to ourselves pursuant to Practice Book § 4023. On appeal, the plaintiff claims that to permit Milne to utilize the principal employer status created by § 31-291 would, in conjunction with the operative provisions of the second injury fund, § 31-355,[4]

[4] "[General Statutes (Rev. to 1985)] Sec. 31-355. PAYMENTS FROM SECOND INJURY AND COMPENSATION ASSURANCE FUND ON EMPLOYER'S FAILURE TO COMPLY WITH AWARD. When an award of compensation shall have been made under the provisions of this chapter against an employer who fails or is unable to pay the medical and surgical aid or hospital and nursing service required under section 31-294 or any type of compensation for disability, or both, whether for total or partial disability of a permanent or temporary nature, death benefit, funeral expense, dependency allowance, or any adjustment in compensation required by this chapter, hereafter referred to as 'the compensation' and whose insurer fails or is unable to pay the compensation, such payments shall be made and compensation provided from the second injury and compensation assurance fund established in section 31-354. Upon finding by the commissioner of such failure to pay compensation, he shall give notice to the treasurer of such award, directing the treasurer to make payment from said fund. The employer and

grant Milne an immunity or emolument lacking any public purpose.[5] We do not agree. No real immunity is conferred upon the defendant.

On February 24, 1983, § 31-291 provided that a principal employer, such as Milne, is liable to pay workers' compensation benefits for injuries sustained by an

the insurer if any shall be liable to the state for any such payments made out of said fund or which the state has by award become obligated to make from said fund, together with cost of attorneys' fees as fixed by the court."

[5] The defendant argues that the plaintiff did not raise in the trial court one of the issues he now relies upon on appeal, namely that it is the potential that a remedy would be available to injured workers through the second injury fund under § 31-355 of the General Statutes that constitutes the source of the constitutional infirmity claimed to exist in General Statutes § 31-291 and therefore he may not do so on appeal. We disagree.

The defendant relies upon § 4185 of the Connecticut Practice Book, which requires that appellate courts not consider a claim unless it was "distinctly raised" below: "Sec. 4185. ERRORS CONSIDERED

"The Supreme Court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial."

In this context, "distinctly" means that the claim raised must be " ' " 'so stated as to bring to the attention of the court the precise matter on which its decision is being asked.' " ' " *Swerdloff* v. *AEG Design/Build, Inc.,* 209 Conn. 185, 188, 550 A.2d 306 (1988); *State* v. *Utz,* 201 Conn. 190, 207, 513 A.2d 1191 (1986); *State* v. *Carter,* 198 Conn. 386, 396, 503 A.2d 576 (1986). This rule applies as well to constitutional claims. *Sands* v. *Sands,* 188 Conn. 98, 106, 448 A.2d 822 (1982), cert. denied, 459 U.S. 1148, 103 S. Ct. 792, 74 L. Ed. 2d 997 (1983).

It is clear from the materials in the file that the issue was distinctly raised in the trial court. In his brief in opposition to the defendant's motion for summary judgment, the plaintiff argued that "to permit defendant Milne to assert the principal employer rule is [a] violation of article first, [§] 1 of the Connecticut Constitution for the reason that . . . permitting Milne to take advantage of the principal employer defense would constitute the granting of an emolument without any public purpose." In addition to briefing that issue, which is so tightly interwoven with the other issues raised on appeal as to be inseparable, most of the plaintiff's oral argument at trial was devoted to the claim of the unconstitutionality of the statute, and specific reference was made to the effect of the second injury fund statute (§ 31-355) on the constitutional issue. The court was fairly apprised of the nature of the claim being asserted by the plaintiff, and any discussion of the constitutionality of § 31-291, as framed by the plaintiff before the trial court, would of necessity include consideration of the real or potential liability of employers under the statutory scheme.

employee not on its own payroll, and the employee is barred from any common law action against the principal employer, just as he would be barred from suit against his immediate employer. *Mancini* v. *Bureau of Public Works,* 167 Conn. 189, 193, 355 A.2d 32 (1974); *Kasowitz* v. *Mutual Construction Co.,* 154 Conn. 607, 611, 228 A.2d 149 (1967). We have consistently held that the exclusivity provisions of the Workers' Compensation Act operate as a total bar to actions brought by employees against their employers for job related injuries. See, e.g., *Sharp* v. *Mitchell,* 209 Conn. 59, 66, 546 A.2d 846 (1988); *Perille* v. *Raybestos-Manhattan-Europe, Inc.,* 196 Conn. 529, 532, 494 A.2d 555 (1985); *Mingachos* v. *CBS, Inc.,* 196 Conn. 91, 98, 491 A.2d 368 (1985); *Jett* v. *Dunlap,* 179 Conn. 215, 217, 425 A.2d 1263 (1979). This bar operates whether or not the employee actually collects compensation from the principal employer. Id.[6]

The purpose of § 31-291 " 'is to protect employees of minor contractors against the possible irresponsibility of their immediate employers, by making the principal employer who has general control of the business in hand liable as if he had directly employed all who work upon any part of the business which he has undertaken to carry on.' *Bello* v. *Notkins,* 101 Conn. 34, 38, 124 A. 831 [1924]." *Battistelli* v. *Connohio, Inc.,* 138 Conn. 646, 648, 88 A.2d 372 (1952).

As to claimants, "the principal employer or contractor, his subcontractor, and their respective insurers, if any, *are equally responsible . . . .* " (Emphasis added.) *Johnson* v. *Mortenson,* 110 Conn. 221, 224, 147 A. 705 (1929); see also *Cirrito* v. *Turner Construction Co.,* 189 Conn. 701, 705, 458 A.2d 678 (1983). It is only as between the principal employer and the subcontrac-

---

[6] In the present case, the plaintiff has received compensation benefits under the insurance carried by D&M with the Commercial Union Insurance Company.

tor/immediate employer that the latter is primarily liable. *Fidelity & Casualty Ins. Co.* v. *Sears, Roebuck & Co.,* 124 Conn. 227, 232, 199 A. 93 (1938); *Bogoratt* v. *Pratt & Whitney Aircraft,* 114 Conn. 126, 134–35, 157 A. 860 (1932).

Within the foregoing statutory scheme the legislature has put in place the second injury fund. See General Statutes § 31-349 et seq. These statutes provided that the fund is to pay benefits "due injured employees whose employers or insurance carriers have failed to pay the compensation, dependency allowance, and medical expenses required by this chapter [under Section 31-355] . . . . The assessment required by this section is a condition of doing business in this state and failure to make such payment, when due, shall result in denial of the privilege of doing business in this state or to self-insure under section 31-284." General Statutes (Rev. to 1985) § 31-354; see also *Lovett* v. *Atlas Truck Leasing,* 171 Conn. 577, 583, 370 A.2d 1061 (1976).

The plaintiff asserts that it is General Statutes § 31-355 that gives rise to the constitutional infirmity in § 31-291 of the workers' compensation act. Section 31-355 provides that "[t]he employer and the insurer if any *shall be liable to the state for any such payments made out of said fund or which the state has by award become obligated to make from said fund,* together with cost of attorneys' fees as fixed by the court." (Emphasis added.) General Statutes (Rev. to 1985) § 31-355. The plaintiff argues that by virtue of the potential availability of the second injury fund for payment of benefits, a principal employer such as Milne could completely avoid liability for payment of a compensation award to a claimant. This, the plaintiff argues, affords an immunity from a nonexistent liability thereby creating an impermissible emolument in violation of article first, § 1 of the Connecticut constitution. We disagree.

In the present case Milne stands in the same position as all other principal employers. It must, and did, provide workers' compensation coverage in order to do business in this state. It is secondarily liable to make or to insure for compensation payments to employees of its subcontractors, such as the plaintiff here. It would be liable to the state of Connecticut for any payments made from the second injury fund to the plaintiff under § 31-355 in the event that neither it, the subcontractor, nor the insurance carrier had paid benefits. The plaintiff's claim, therefore, is illusory.

It is entirely logical to conclude, as did the trial court, that the expense represented by the workers' compensation insurance premiums paid by D&M was part of its cost of performing under the contract with Milne and that such cost was one of the factors included in the contract price. Here, Milne can hardly be said to have received an emolument or privilege, since Milne not only paid for its own coverage for the job but also, indirectly through the subcontractor's contract price, for D&M's as well. Thus, the principal employer/contractor is in effect a surety for the immediate employer/subcontractor, and any purported "immunity" is illusory. Clearly, Milne was not relieved of any liability or burden by virtue of the second injury fund, nor was the plaintiff deprived of any benefits. Milne did in fact obtain insurance coverage to assure that benefits would be paid to any and all of its employees and the employees of its subcontractors. Similarly, D&M also fulfilled its obligations under the act by procuring insurance coverage, and the plaintiff did receive benefits under D&M's coverage. Accordingly, there is no benefit accruing to employers that would constitute an "emolument" under article first, § 1 of the Connecticut constitution.

There is no error.

In this opinion the other justices concurred.