[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The Defendant [the Plaintiff's former employer] has moved to strike the fourth and fifth counts of Plaintiff's amended complaint, dated July 11, 1991. The fourth count of that complaint alleges negligent infliction of emotional distress. The fifth count lies in a claim of intentional CT Page 9112 infliction of emotional distress.
A motion to strike filed pursuant to Practice Book Section 152, challenges the legal sufficency of a pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). Such motion admits all facts well pleaded, Ferryman v. Groton, 212 Conn. 138, 142 (1989). The court must view the facts alleged in the light most favorable to the pleader, Ferryman, supra, at 212 Conn. 146
FOURTH COUNT
The allegation in this count is that the defendant negligently caused the plaintiff emotional distress by terminating the employment relationship between the parties.
The Workers Compensation Act, Conn. Gen. Stat. 31-275
et. seq. substitutes claims under the act in lieu of tort claims for personal injuries "arising out of and in the course of his employment," Conn. Gen. Stat. 31-284 (a). The statute is a complete defense to a personal injury action.
Conn. Gen. Stat. 31-284:
An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . .
For a covered injury the statutory scheme of compensation is the sole remedy for the employee, Sgueglia v. Milne Construction Co., 212 Conn. 427, 433, 562 A.2d 505
(1989).
The plaintiff maintains that since the emotional distress suffered arises from the termination of the employment relationship, it is not in the course of his employment.
Our Supreme Court in the context of an employee assault case has commented on the test to be applied in applying the statutory requirements of "arising out of and in the course of" the employment. Stulginski v. Waterbury Rolling Mills Co., 124 Conn. 355, 361-62, 199 A. 65 3 (1938):
 The question is whether taking all the facts into consideration the conditions of the employment are the legal cause of the injury. "But the essential connecting link of direct causal connection between the personal injury and the employment must be CT Page 9113 established before the act became operative. The personal injury must be the result of the employment and flow from it as the inducing proximate cause. The rational mind must be able to trace the resultant personal injury to a proximate cause set in motion by the employment and not by some other agency, or there can be no recovery."
The emotional distress and damage are clearly under plaintiff's theory proximately related to the employment and caused by the termination of the relationship.
Plaintiff citing Mosley v. Housing Authority,4 C.S.C.R. 3 (McDonald, J., November 14, 1988) argues that since the injury stems from the termination it is not in the course of the employment.
It has long been held in cases relating to occupational diseases that the appropriate emphasis is on the proximate cause of the injury as distinguished from focusing on whether the injury is contemporaneous with the employment. Niedzwicki v. Pequonnock Foundry, 133 Conn. 78, 48 A.2d 369
(1946).
The majority of Superior Court decisions have found claims resulting from termination actionable only under the Workers Compensation Act, see Deak v. O'Neill Chevrolet and Buick, Inc. 2 CSCR, 432 (O'Neill, J., March 4, 1987); Baker v. Cigna Corp, 4 C.S.C.R 630 (O'Neill, J., July 11, 1989); Fulco v. Norwich Roman Catholic Diocese, 17 C.L.T. No. 23, p. 27 (June 10, 1991); and Newharth v. Conn. Institute for the Blind, 17 C.L.T. No. 13, p. 24 (Dunn, J., April 1, 1991).
These decisions give more consideration to the purpose of the act and the broad construction to which it is entitled, Massolini v. Driscoll, 114 Conn. 546, 159 A. 480
(1932).
The Motion to Strike Count Four of the Amended Complaint is granted.
COUNT FIVE
The Amended Fifth Count contains allegations that "the Defendant's intentionally and unreasonably subjected the Plaintiff to emotional distress . . ." This assertion of such intentional conduct is sufficient to avoid the worker's compensation defenses of Conn. Gen. Stat. 31-284.
The Defendant's claim that the Plaintiff has failed to CT Page 9114 allege sufficient factual allegations, is more properly contested by summary judgment proceedings.
The Motion to Strike the Fifth Count is denied.
HON. ROBERT McWEENY, JUDGE SUPERIOR COURT JUDGE