[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE CT Page 3269
The plaintiff, in the amended complaint, alleges various causes of action against the defendant in seven separate counts. The factual allegations set forth a background the plaintiff was injured in a work related injury and was receiving Worker's Compensation benefits as a result of an injury which occurred on April 14, 1978. The plaintiff further claims that he obtained medical releases from his physician based upon representations by the employer and that he was discharged shortly thereafter by the defendant.
The defendant has moved to strike the Second and Seventh Counts and does not attack the remaining counts which assert various claims including a discharge in violation of General Statutes 31-290a; outrageous conduct; discharge inconsistent with established policies; breach of a covenant of good faith and fair dealing and breach of contract. The defendant has moved to strike the Second Count on the ground that it fails to allege damages and to strike the Second and Seventh Counts on the grounds that they are barred by the exclusivity provisions of the Worker's Compensation Act.
The Second Count alleges that the defendant assured the plaintiff that he would be employed if he obtained a medical release. The plaintiff claims that the representations were known to be false and that the representations were made to cause the plaintiff to loose the benefits he was receiving. The Second Count then alleges that, as a result of the conduct of the defendant, the plaintiff lost his weekly benefits for his total disability under the Worker's Compensation Act. Accordingly, such claim asserts that damages were incurred and the motion to strike the Second Count on that ground is denied.
The Second and Seventh counts allege that the defendant made false representations, knowingly and negligently, for the purpose of causing the plaintiff to obtain medical releases. The plaintiff's memorandum claims that such representations caused the plaintiff to misstate the seriousness of his condition to the doctor and the allegations of the Second and Seventh Counts are sufficient to admit such evidence. The Seventh Count also incorporates paragraphs from the First Count which include, inter alia, a violation of General Statutes 31-290a. Putting aside the claims for statutory violation made in the Seventh Count which are incorporated from the First Count, the defendant claims that the Second and Seventh Counts are barred by the provisions of General Statutes 31-284a which provides in part, as follows:
"(a) an employer shall not be liable to any act for CT Page 3270 damages on account of personal injuries sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained. . . . All rights and claims between employer and employees, or any representatives or dependents of such employees arising out of personal injury or death sustained in the course of employment as aforesaid are abolished other than the rights and claims given by this chapter. . ."
The exclusivity provisions of the Worker's Compensation Act constitute a total bar to actions brought by employees against their employers for job related injuries. Sgueglia v. Milne Construction Co., 212 Conn. 427, 433 (1989). In the present case, the plaintiff does not seek to recover damages on a "personal injury" sustained in the course of his employment. The Second and Seventh Counts assert claims for pecuniary loss arising out of representations made by the employer. See, D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 219-20 (1987).
Accordingly, the motion to strike the Second and Seventh Counts is denied.
RUSH, JUDGE