[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff instituted the present four count complaint alleging, in the first count, a breach of contract claim for the failure of the defendant to pay her in accordance with a written employment agreement; the second count alleges a claim for a breach of the covenant of good faith and fair dealing based upon the conduct of the defendant in retroactively modifying certain provisions of an incentive plan thereby depriving the plaintiff of commissions she had earned; the third count of the complaint alleges a claim based upon failure to pay wages when due in violation of General Statutes 31-71c; the fourth count alleges a claim for negligent infliction of a emotional distress by the conduct of the defendant during the period of employment, requiring the plaintiff to incur expenses for medical and psychological treatment.
The defendant has moved to strike the third count (statutory CT Page 9841 wage violation), and the fourth count (negligent infliction of emotional distress) on the grounds that the claims are barred by the applicable statute of limitations. Under Practice Book 164 the defense of the Statute of Limitations must be specially pleaded. The memoranda filed by the respective parties refer to conduct claimed to constitute a ground for the tolling of the statute of limitations. A determination of the applicability of the Statute of Limitations on a Motion to Strike would deprive the plaintiff of an opportunity to plead conduct tolling the application of a Statute of Limitations. The court therefore does not believe that it is appropriate to determine the application of the Statute of Limitations on a Motion to Strike, and therefore, the defendant's Motion, insofar as it relies upon the application of a Statute of Limitations, is denied.
The defendant has also moved to strike the second count of the complaint, which purports to allege a cause of action for a breach of the covenant of fair dealing, on the grounds that the such an action does not lie in an employment context except where an important public policy issue is involved. It is true that in an employment contract that is clearly terminable at will, a party cannot ordinarily be deemed to lack good faith in exercising that right absent a showing that the discharge involved an impropriety which contravenes some important public policy. Carbone v. Atlantic Richfield Co., 204 Conn. 460, 470 (1987). An implied covenant of good faith and fair dealing exists in every contract and emphasizes faithfulness to an agreed upon common purpose and consistency with the justified expectations of the other party and the implied covenant is, therefore, "a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended." Magnan v. Anaconda Industries Inc., 193 Conn. 558, 567 (1984).
The second count of the complaint asserts a claim that the defendant improperly retroactively modified an existing incentive plan thereby depriving the plaintiff credit for sales which she had made. The allegations concerning the existence of the incentive plan, and the alleged conduct with respect to that plan, constitute a sufficient basis on which to assert the cause of action alleged. Accordingly, the Motion to Strike the Second Count of the complaint is denied.
The Fourth Count of the complaint purports to set forth a cause of action for emotional distress sustained by the plaintiff as a result of the conduct of the defendant while the plaintiff was CT Page 9842 engaged in her employment. The defendant has also moved to strike the Fourth Count on the grounds that the claim is barred by the exclusivity provisions of the Workers' Compensation Act. General Statutes 31-284a provides that "[A]n employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment. . ." Our courts have consistently held that the exclusivity provisions operate as a total bar to actions brought by employees against their employers for job related injuries whether or not the employee actually collects compensation. Squeglia v. Milne Construction Co., 212 Conn. 427, 433 (1989). There are no allegations contained in the fourth count which prevent the operation of the exclusivity provisions of our Workers' Compensation Law and, accordingly, the Motion to Strike the Fourth Count is hereby granted.
RUSH, J.