[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE
The issue raised in the plaintiff's motion to strike is whether or not the defendant's first, second and third special defenses are legally sufficient.
The facts as alleged in the plaintiff's amended complaint are as follows. The plaintiff, J. Silva ["Silva"], was an employee of the defendants Stop Shop Companies, Inc. [Stop Shop"] from July 1983 until December 1990. The defendant, Teresa Batza ["Batza"], was a security guard at Stop Shop, and the defendant, Joseph Coppolla ["Coppolla"], was a store manager.
On December 1, 1990, Silva was working as a service clerk in the bottle redemption area of Stop Shop. On said date, Batza and Coppolla accused Silva of committing larceny from Stop Shop. They interrogated Silva in the manager's office and demanded that CT Page 1086 he sign a confession or they would contact the police. Silva refused to sign a confession, stating that he was innocent of any wrong doing. Subsequently, Batza and Coppolla caused the Stratford Police Department to take Silva into custody and place him under arrest. Thereafter, Silva was found not guilty of the charge by the court, Riddle, J., and discharged.
On May 28, 1992, the plaintiff filed a three-count complaint against the defendants alleging false imprisonment, malicious prosecution and intentional infliction of emotional distress. On August 26, 1992, the defendants filed an answer and three special defenses alleging failure to proceed with arbitration, exclusivity of workers' compensation and the merchant's privilege pursuant to General Statutes section 53a-119a. On October 2, 1992, the plaintiff filed an amended complaint alleging the same three causes of action.
On November 13, 1992, the plaintiff filed a motion to strike the defendants' first, second and third special defenses along with a memorandum of law. On November 19, 1992, the defendants filed a memorandum in opposition to the plaintiff's motion to strike.
A motion to strike may be used to test the legal sufficiency of a complaint or any count therein to state a claim upon which relief can be granted. Practice Book sec. 152(1); see also Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). Furthermore, the motion to strike is the proper vehicle to challenge the "legal sufficiency of any answer to any complaint, counterclaim or crossclaim, or any part of that answer including any special defense contained therein. . . ." Practice Book sec. 152(5); see also Passini v. Decker, 39 Conn. Sup. 20, 21, 467 A.2d 691 (1983). All well pleaded facts in a contested pleading are deemed admitted, and should be construed in a light most favorable to the non-moving party. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). When considering a motion to strike "`[t]he allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them; and if facts provable under the allegations would support a defense or a cause of action, the . . . [motion to strike] must fail.'" (Citations omitted.) Ferryman v. Groton, supra.
"The legal sufficiency of a special defense may be determined by reference to Section 164 of the Practice Book, which provides that `[f]acts which are consistent with [the plaintiff's statements of fact] but which show, notwithstanding, that he has no cause of action, must be specially alleged'" Daniels v. Martinczak, 5 CTLR CT Page 1087 429, 430 (February 3, 1992, Schaller, J.).
AS TO THE FIRST SPECIAL DEFENSE
The defendant's first special defense alleges that the plaintiff failed to exhaust his contractual grievance remedies under the collective bargaining agreement. Although, "`in general, an individual employee wishing to resort to the courts must have attempted to resort to and have exhausted . . . the grievance procedures established by the collective bargaining agreement'. . . , [i]ntentional torts by fellow employees are not . . . the type of `grievance' contemplated by a union contract. . . ." (Citations omitted.) Brown v. Ellis, 40 Conn. Sup. 165, 169, 484 A.2d 944 (1984). Thus, an employee "is not required to follow the contractual grievance procedures before bringing this tort action for money damages." Id, 170. The plaintiff's complaint alleges false imprisonment, malicious prosecution and intentional infliction of emotional distress. Because the plaintiff only alleges intentional torts the defendants' first special defense is legally insufficient, and the motion to strike the first special defense is granted.
AS TO THE SECOND SPECIAL DEFENSE
The defendants' second special defense alleges that the plaintiff's claims are barred by the Workers' Compensation Act. "`The purpose of the workmen's compensation statute is to compensate the worker for injuries arising out of and in the course of employment, without regard to fault, by imposing a form of strict liability on the employer.'" Panaro v. Electrolux Corp., 208 Conn. 589,599, 545 A.2d 1086 (1988), quoting Jett v. Dunlap, 179 Conn. 215,217, 425 A.2d 1263 (1979.) "`[T]he exclusivity provisions of the Workers' Compensation Act operate as a total bar to actions brought by employees against their employers for job related injuries. . . .'" Quimby v. Kimberly Clark Corporation, 28 Conn. App. 660,666, 613 A.2d 838 (1922), quoting Squeglia v. Milne Construction Co., 212 Conn. 427, 433, 562 A.2d 505 (1989).
There are a few exceptions to the exclusivity of the Workers' Compensation Act. Id. Intentional torts committed by an employer constitute an exception to the exclusivity of the workers' compensation remedy. Jett v. Dunlap, supra. However, "`an intentional tort committed upon one employee by another, which causes personal injury arising out of and in the course of employment, is covered by the compensatory provisions of the Workers' Compensation Act. . . .'" Perille v. Raybestos-Manhattan CT Page 1088 Europe, Inc., 196 Conn. 529, 532, 494 A.2d 555 (1985), quoting Jett, supra, 218. The employer is only liable for the intentional torts of an employee where the employee can be identified as the alter ego of the employer, or the employer has directed or authorized the assault. Id., 532-33, Jett, supra, 218-19. Where, however, the employee'" is only another employee who cannot be so identified, then the strict liability remedies provided by the [Workers'] Compensation Act are exclusive and cannot be supplemented with common-law damages.'" (Citation omitted.) Perille, supra, 533.
General Statutes section 31-275 (8) states that "`[p]ersonal injury', or `injury'. . . shall be construed to include, in addition to accidental injury which may be definitely located as to time when and the place where the accident occurred, an injury to an employee which is causally connected with his employment and is the direct result of repetitive trauma or repetitive acts incident to such employment. . . ." (Emphasis added.)
The plaintiff alleges that the defendants' actions led to his suffering humiliation, mental and physical distress, loss and damage to his good name and reputation and expenses of suit. The injury alleged, however, are not injuries which are the direct result of repetitive trauma or repetitive acts, although they are causally connected with his employment. The mention of physical distress, such as headaches, stomach upsets and sleeplessness, are not sufficient to bring his claim to the level of "personal injury" or "injury" as defined by the Workers' Compensation act. "If the essence of the tort, in law, is non-physical and if the injuries are of the usual non-physical sort, with personal injury being at most added. . . ." the action is not barred by the Workers' Compensation statute. 2A A. Larson, Workmen's Compensation Law (1976) sec. 68-34(a), p. 31.117.
Accordingly, the plaintiff's motion to strike the special defense is granted.
AS TO THE THIRD SPECIAL DEFENSE
The defendants' third special defense alleges the merchant's privilege pursuant to General Statutes section 53a-119a. That section permits
 [a]ny owner, authorized agent or authorized employee of a retail mercantile establishment, who observes any person concealing or attempting to conceal goods CT Page 1089 displayed for sale therein, or the ownership of such goods, or transporting such goods from such premises without payment therefor, [to] question such person as to his name and address and, if such owner, agent or employee has reasonable grounds to believe that the person so questioned was then attempting to commit or was committing larceny of such goods on the premises of such establishment, [to] detain such person for a time sufficient to summon a police officer to the premises.
(Emphasis added.) General Statutes section 53a-119a (a). In order for the defendant to claim the privilege, the defendant must allege that he observed the plaintiff concealing or attempting to conceal goods and that he reasonably believed that the plaintiff was committing or attempting to commit larceny of the goods.
In the third special defense, the defendants allege that the plaintiff was observed creating "bottle slips"; the plaintiff admitted to improperly creating bottle return slips and not adhering to bottle return procedures: and the defendants had reasonable grounds to believe that the plaintiff was committing or attempting to commit larceny. However, the defendant has failed to allege that the plaintiff was concealing or attempting to conceal any goods. Therefore, the defendants' third special defense is legally insufficient, and the plaintiff's motion to strike as to the third special defense is granted.
LEHENY, J.