[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION TO STRIKE NO. 138
On September 24, 1996, the plaintiff, Susan Guido (Guido), filed a one-count complaint against the defendant, Faustini's Caterers, Inc. (Faustini), alleging negligence. On September 19, 1996, Pitney Bowes, Inc. (Bowes), as the employer of Guido, filed a motion to intervene and an intervening complaint. The motion to intervene was granted by the court, Stodolink, J., on October 21, 1996.
On June 9, 1997, Faustini filed a three-count amended third party complaint against Bowes. In count one, Faustini alleges that Guido's negligence claim arises from an alleged incident which took place in the cafeteria of Bowes' facility located at 100 Oakview Drive, Trumbull, Connecticut. In her complaint, Guido alleges that a coffee urn fell on her head and shoulders when she attempted to close the door of the ice machine. Guido further alleges that Faustini was responsible for running or maintaining the cafeteria and that her injuries were caused by Faustini's negligence. In its third party complaint, Faustini claims that CT Page 10999 the premises located at 100 Oakview Drive, including the cafeteria, is owned, controlled and maintained by Bowes. Faustini further alleges that Bowes leased/rented space to Faustini for business purposes thereby establishing an independent legal relationship and that the injuries suffered by Guido were caused in whole, or in part, by the negligence of Bowes. In count two, Faustini alleges that it was the active negligence on the part of Bowes which caused Guido's injuries, rather than any passive negligence on its part. In count three, Faustini alleges that, if Guido prevails on her claim of negligence, Bowes is responsible for its proportionate share of any damages awarded to Guido consistent with its degree of fault.
On June 17, 1997, Bowes filed a motion to strike Faustini's third party complaint. Bowes submitted a memorandum of law in support of its motion. On July 3, 1997, Faustini filed an objection and a memorandum of law in opposition to Bowes' motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357
(1996). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id., 826.
Bowes moves to strike Faustini's third party complaint on the ground that such a complaint is barred by the exclusivity provision of the Workers' Compensation Act. In the alternative, Bowes argues that Faustini has failed to allege a claim for active/passive negligence.
 I
In count one, Faustini seeks to have Bowes indemnify it against any damages that may be recovered by Guido in her action against it (Faustini). Bowes moves to strike count one on the ground that the Workers' Compensation Act bars Faustini's claim.
Faustini has alleged that "Pitney Bowes, Inc. leased/rented space to Faustini Caterers for business purposes . . . ." Faustini further alleges that, at the time of the accident, Bowes CT Page 11000 owned, controlled, maintained and/or operated the cafeteria where the accident took place. In Ferryman v. Groton, 212 Conn. 138,140-41, 561 A.2d 432 (1989), the defendant filed a third party complaint against the plaintiff's employer, who moved to strike on the ground that it violated the "exclusive remedy" provisions of the Workers' Compensation Act.[1] The Supreme Court noted that "`[w]hen the third party, in a suit by the employee seeks recovery over against a contributorily negligent employer, contribution [or indemnification] is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause. But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed.'" Id., 144-45, quoting 2A A. Larson, Workmen's Compensation Law 76. The Court held that where "the complaint discloses the essentials of either a co-owner relationship, a bailor-bailee relationship or a lessor-lessee relationship, any one of which could contain the express or implied independent, legal duty that would serve to preclude the operation of the exclusive remedy provisions of [General Statutes] § 31-284," the indemnification claim against the employer is legally sufficient. Id., 146. By alleging that Bowes leased/rented the cafeteria to Faustini, Faustini has alleged sufficient facts to establish an independent, legal duty between it and Bowes. Consequently, Faustini's indemnification claim against Bowes is not barred by the exclusive remedy provisions of General Statutes § 31-284. Accordingly, the court denies Bowes' motion to strike as to count one of Faustini's amended third party complaint.
 II
In count two, Faustini claims that Bowes is liable for common law indemnification on the ground that it was active negligence on the part of Bowes which caused Guido's injuries, rather than passive negligence on the part of Faustini. A claim of indemnification based upon an active/passive negligence relationship is inadequate to establish an independent, legal duty that would bar the exclusive remedy provision of General Statutes § 31-284. Ferryman v. Groton, supra,212 Conn. 144-45. See Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694,699, (1997) ("In view of the exclusivity of workers' compensation relief, indemnity claims against employers as joint tortfeasors warrant the special additional limitation of an CT Page 11001 independent legal relationship"). See also Sandella v. DickCorporation, Superior Court, judicial district of New Haven at New Haven, Docket No. 335582, 18 clr, 18 CONN. L. RPTR. 19 (October 1, 1996; Freedman, J.)("According to Ferryman v. Groton,supra, 145, the active or primary negligence versus the passive or secondary principles of the common law theory of indemnification are insufficient to establish an independent legal duty. Accordingly, a party who is immune from suit under the Workers' Compensation Act may not be sued for indemnification under the common law"). Thus, the court will strike count two of Faustini's amended third-party complaint.
 III
In count three, Faustini seeks apportionment of damages and alleges that Bowes should be responsible for its proportionate share of any damages awarded to Guido. Bowes moves to strike on the ground that it is immune from liability under the Workers' Compensation Act and therefore cannot be made an apportionment defendant. See General Statutes § 52-102b (f).
In Espowood v. Springfield Terminal Railway Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 285026 9 CONN. L. RPTR. 547 (August 5, 1993; Stanley, J.), the court held that the decision in Ferryman v. Groton, supra,212 Conn. 144-45, "provided an exception to the exclusivity provision of the workers' compensation statute in the context of an indemnification action and did not extend the exception beyond that context, as to a claim of apportionment." The court reasoned that "`[i]ndemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest . . . .'Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 412,207 A.2d 732 (1965)." Id. While noting that "[General Statutes §52-572h], Connecticut's comparative negligence statute provides in subsection (d) for apportionment of a plaintiff's damages among parties," the court concluded that "[t]he issues involved in a determination of one tortfeasor's right to indemnification from another tortfeasor differ from the issues involved in the determination of the proportionate share of a plaintiff's damages for which the multiple tortfeasors are liable. Therefore, the exception to the bar of the exclusivity provision of the workers' compensation statute carved out in Ferryman has application only in cases involving claims for indemnification." Id. See alsoLeonidas v. Greco, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 506260 (August 25, CT Page 11002 1994; Hennessey, J.) (holding that the defendants' allegations of an independent contractual relationship did not make their claim of apportionment legally sufficient). Since the Supreme Court inFerryman removed the bar of the exclusive remedy provision of the Workers' Compensation Act only as to claims of indemnification where there exists an independent legal duty between the employer and the would-be indemnitee, the court will strike count three of Faustini's amended third complaint.[2]
Stodolink, Judge