[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE (#112)
On September 3, 1997, the plaintiff, Raella Kimberle, filed this one count negligence complaint against Freelife International Operating Corporation (Freelife). The plaintiff is bringing this suit on behalf of her minor daughter, Theresa Kimberle. Theresa Kimberle was an employee of Sarah, Inc. a/k/a Shoreline Employment Service (Sarah), who had contracted for her to work at Freelife on October 15, 1996. The plaintiff alleges that her daughter tripped and fell on a plastic pallet while she was working at Freelife. The plaintiff claims that Freelife failed to keep its premises safe, failed to keep its walkways free of debris, and failed to properly supervise her daughter while she was working at Freelife on the date in question. The plaintiff alleges that Freelife was negligent in failing to act and its omissions caused her daughter to sustain injuries to her face, mouth, and teeth.
Freelife filed an amended answer on November 17, 1997, denying the plaintiff's allegations of negligence and asserting two special defenses, contributory negligence and that the claim is barred by the workers' compensation statutes. On December 16, 1997, the defendant, Freelife, filed an apportionment complaint naming Sarah as the apportionment defendant. In the apportionment complaint, Freelife alleges Theresa Kimberle's fall occurred during her course of employment with Sarah. Freelife claims that a contract existed between Freelife and Sarah in which Sarah covenanted to provide a job coach to supervise Theresa while she was working at Freelife. According to the apportionment complaint, Sarah failed to provide a job coach and therefore breached their agreement. Freelife further alleges that Sarah failed to provide a job coach which amounts to negligence and that any injury to the plaintiff was the proximate cause of Sarah rather than any alleged negligence on its part. Therefore, CT Page 10788 Freelife claims it is entitled to apportionment relief pursuant to General Statutes § 52-572h(c).
On March 30, 1998, Sarah moved to strike the defendant's apportionment complaint on the grounds that the exclusivity rule of Connecticut's workers' compensation law bars any recovery and Freelife's complaint is legally insufficient, because it is based upon contract law and liability can only be apportioned as to a negligence claim. The defendant submitted an opposing memorandum on April 3, 1998.
"A motion to strike challenges the legal sufficiency of a pleading. . . . In reviewing the granting of a motion to strike, we take the facts alleged in the plaintiff's complaint and construe the complaint in the manner most favorable to the plaintiff. . . . This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . ." (Citations omitted; internal quotation marks omitted) S.M.S.Textile Mills, Inc. v. Brown, Jacobson, Tillinghast, Lahan King, P.C., 32 Conn. App. 786, 796, 631 A.2d 340, cert. denied,228 Conn. 903, 634 A.2d 296 (1993), citing Westport Bank TrustCo. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495-96,605 A.2d 862 (1992).
Sarah argues that under the workers' compensation act, it cannot be liable to the plaintiff for injuries suffered at Freelife. Sarah maintains that the workers' compensation laws extend immunity to them as the plaintiff's employer, therefore the defendant has not stated a cause of action under the apportionment complaint. Sarah contends that because the present case arises out of the contractual relationship between Sarah and Freelife and the apportionment statute only applies in negligence cases, Freelife is making a claim upon which relief cannot be granted. In opposition, Freelife argues that the apportionment complaint is based on the negligence of Sarah. Freelife asserts that the contract between it and Sarah demonstrates that an independent relationship exists between Sarah and Freelife, therefore the exception to the workers' compensation exclusivity provision applies in this case.
General Statutes § 31-284(a) provides in pertinent part: "An employer who complies with the requirements of subsection (b) CT Page 10789 of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment." "It is generally held that the employee cannot be met with a defense that his own employer's negligence contributed to the injury. . . ." (Citations omitted; internal quotations omitted.) Durniak v.August Winter Sons, Inc., 222 Conn. 775, 782, 610 A.2d 1277
(1992).
In the present case, Sarah is immune from apportionment liability pursuant to General Statutes § 31-284. Sarah, as Theresa Kimberle's employer, provided workers' compensation to Theresa due to her injury sustained at Freelife. The workers' compensation act expressly limits the plaintiff's remedy to workers' compensation and Sarah could not be found liable to the plaintiff in any personal injury suit regarding her accident. "We have consistently held that the exclusivity provisions of the Workers' Compensation Act operate as a total bar to actions brought by employees against their employers for job related injuries. . . ." (Citations omitted.) Sgueglia v. MilneConstruction Co., 212 Conn. 427, 433, 562 A.2d 505 (1989). Therefore, since Sarah could not be found liable in this suit by the plaintiff, the defendant's apportionment complaint fails to state a cause of action. Pursuant to General Statutes §§52-102b(c)[1] and 52-572h[2], apportionment is only available for those who could be found liable in negligence.
The Supreme Court has recognized an exception to the exclusivity provision of the workers' compensation act when an independent relationship exists between the defendant third party and the employer. In Ferryman v. Groton, 212 Conn. 138,501 A.2d 432 (1989), the defendant filed a third party complaint after it was sued in a negligence action by the plaintiff employee. In the third party complaint, the defendant sought indemnification from the third party defendant-employer. The trial court granted the third party defendant's motion to strike, however the Supreme Court reversed the trial court's ruling and held that ordinarily the exclusivity provisions of the workers' compensation statute would insulate the employer from any further liability, but the court found that an independent duty existed between the defendant and the third party defendant employer, therefore the right of indemnification springs from their separate contractual relationship. Id., 144-45. Also, in a more recent decision, Durniak v. August Winter Sons, Inc.,222 Conn. 775, 610 A.2d 1277 (1992), the Supreme Court in reviewing a certified question of whether a third party tortfeasor may raise CT Page 10790 the negligence of the employer as a special defense when the employer has intervened in the personal injury action, the court found that the special defense was not available, however it recognized the exception to the exclusivity provision carved out in Ferryman. The court in Durniak found that the responsibility for carving out exceptions from any legislative provisions belongs to the legislature not the courts. Durniak v. AugustWinter Sons, Inc., supra, 222 Conn. 781. Absent any express legislative intervention, the courts have held that there is no assumption that the legislature intended to create an exception to the exclusivity provision. Id.
Superior Courts have not extended the Ferryman exception to apply in the context of an apportionment complaint. See Olzackiv. DiBattisto, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 544440 (May 29, 1996, Wagner, J.) citing Espowood v. Springfield Terminal Railway Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 285026 (August 5, 1993, Stanley, J.) (9 Conn. L. Rptr. 547,8 C.S.C.R. 978) (Ferryman provided an exception to the exclusivity provision of the workers' compensation statute in the context of an indemnification action and did not extend the exception beyond that context, such as to the claim for apportionment); Guido v.Faustini's Caterers, Superior Court, judicial district of Danbury, Docket No. 325578 (October 31, 1997, Stodolink, J.) (20 Conn. L. Rptr. 573); Gluck v. Johnson, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 297741 (March 14, 1995, Cocco, J.) (14 Conn. L. Rptr. 154). Generally, the Superior Court in these decisions did not extend the exclusivity provision to apply to apportionment claims, because the issues involved in a determination of one tortfeasor's right to indemnification from another tortfeasor differ from the issues involved in the determination of the proportionate share of a plaintiff's damages for which the multiple tortfeasors are liable. Guido v.Faustini's Caterers, supra, 20 Conn. L. Rptr. 574; Espowood v.Springfield Terminal Railway Co., supra, 9 Conn. L. Rptr. 550. Courts generally find that the Ferryman exception applies only to claims for indemnification.
Therefore, since the exclusivity provisions of the workers' compensation statute provides immunity for Sarah as the plaintiff's employer, the defendant's apportionment complaint fails to state a cause of action. For the foregoing reasons, the court grants Sarah's motion to strike the defendant's apportionment complaint. CT Page 10791
John W. Moran Judge of the Superior Court