[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
This is an amended ten count complaint by the Connecticut Commissioner of Labor seeking to collect prevailing wages and overtime pay allegedly owed to eighty three employees of Big Bell Development Corp., a subcontractor on a Hartford School improvement project, brought against the general contractor, CJM Services Inc. and its surety on its labor and materials bond, Insurance Company of the State of Pennsylvania (ICSP).
These defendants move to strike Counts I, II, III and X, on the grounds that CJM was not an employer of the eighty-three workers, and the Commissioner is not authorized by statute to sue these defendants on their behalf.
Count I asserts a claim against CJM and ICSP under General Statutes § 31-53 and the provisions of the contract.
Count II claims that CJM was an "employer" under General Statutes § 31-71 a(1).
Count III claims that CJM was an "employer" within the meaning of General Statutes § 31-71a(1) and that CJM was required to pay prevailing wages to all workmen on the project CT Page 9628 pursuant to the general contract and general statutes §31-76c.
Count X alleges that CJM was an "employer" within the meaning of General Statutes § 31-71a(1) and that various fines and penalties assessed against CJM in the amount of $8700 under General Statutes § 31-53(b) and 31-71 have not been paid.
 I
Plaintiff does not cite any clear statutory authority which permits him, as a representative of a subcontractor's employees to collect unpaid wages from a general contractor or its bonding company. In each of the first three counts, plaintiff alleges that CJM was an "employer" of the affected employees or is liable for payment of such wages under various statutes. Nothing has been pointed to in the general contract specifically creating such liability on the general contractor. Although all the statutes relied upon depend on CJM falling under the definition of "employer", in no case does the statutory definition of "employer" clearly include a general contractor with reference to the employees of his independent sub-contractor.
Plaintiff argues nevertheless that the statutes it cites can be construed as requiring a general contractor to be liable for unpaid wages of a subcontractor's employees. Such construction is strained to say the least. The legislature has demonstrated its ability to use clear and unambiguous language when it meant to impose liability on a general contractor for obligations of a subcontractor to it employees, as it did in General Statutes § 31-291, involving workmen's compensation coverage. SeeSqueglia v. Milne Construction Co., 212 Conn. 427, 433 (1989)
Our Supreme Court has articulated in several decisions that the term "employer" as used in these various statutes encompasses one who possesses the ultimate authority and control to set an employee's hours of employment and wages. Butler v. HartfordTechnical Institute, Inc., 243 Conn. 454, 461 (1997); Tianti v.William Raveis Real Estate, Inc., 231 Conn. 690, 700 (1995). Plaintiff has not alleged that CJM had such authority over the eighty three employees and it does not appear that it did.
Motion to strike Counts I, II and III granted.
 II
CT Page 9629
Count X alleges the assessment of civil penalties against CJM which are unpaid and due to the plaintiff under various statutes.
Paragraph 2 alleges that CJM was an employer within the meaning of General Statutes § 31-71 a (1). There may be questions about the particularities of these assessments, but neither their vagueness or the dubious reference to C.J.M. as an "employer' render this count insufficient at law.
Motion to Strike Count X denied.
Jerry Wagner Trial Judge Referee