[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 158)
The amended complaint alleges the following facts. The plaintiff, Joseph Braca, was employed by the defendant, Sikorsky Aircraft Corporation (Sikorsky). Sikorsky self-insured its workers' compensation liability for its employees, and identified the defendants, CIGNA Insurance Company, Inc. (CIGNA) and ESIS, Inc. (ESIS), as the parties who insured and administered the payment of its workers' compensation obligations. On or about April 20, 1993, the plaintiff was injured during the course of his employment with Sikorsky. As a result of his injuries, he lost time from work for which he sought compensation under the Workers' Compensation Act. However, the plaintiff alleges that the defendants failed to pay his benefits and medical treatment expenses pursuant to the Workers' Compensation Act.
On April 5, 1999, the plaintiff filed a two-count amended complaint against the defendants, asserting, inter alia, claims for breach of the duty of good faith and fair dealing, a violation of the Connecticut Unfair Insurance Practices Act (CUIPA),[1] General Statutes § 38a-815
et seq., and a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110 et seq. Sikorsky has filed a CT Page 10401 motion for summary judgment with a supporting memorandum of law.
Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof "submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Alvarez v. New Haven Register, Inc.,249 Conn. 709, 714, 735 A.2d 306 (1999). The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Rivera v. DoubleA Transportation, 248 Conn. 21, 24, 727 A.2d 204 (1999). A material fact is a fact that will make a difference in the result of the case. UnitedServices Automobile Assn. v. Marburg, 46 Conn. App. 99, 103, 690 A.2d 914
(1997).
 A Count One
Sikorsky moves for summary judgment on count one of the amended complaint on the ground that plaintiff's complaint is barred by the exclusivity provisions of the Workers' Compensation Act. Sikorsky further argues that because CIGNA and ESIS are the parties responsible for insuring and administering its workers' compensation claims, it does not owe the plaintiff a duty to provide workers' compensation benefits. In fact, Sikorsky argues that the plaintiff's amended complaint alleges that it self-insured its workers' compensation obligation through CIGNA and ESIS. Consequently, Sikorsky argues that any duty that was owed to the plaintiff was owed by CIGNA and ESIS.
In opposition, the plaintiff argues that Sikorsky is required by state law to provide workers' compensation benefits to its employees. Moreover, the plaintiff argues that the fact that Sikorsky, a self-insurer, elected to have an agent administer its workers' compensation claims does not absolve it of its duty to pay its workers' compensation benefits in good faith. The plaintiff has submitted an affidavit in support of his motion. In this affidavit, the plaintiff avers that Sikorsky contested the compensability of his claims and intentionally delayed payment of his medical expenses.
The purpose of the workmen's compensation statute is to compensate the worker for injuries arising out of and in the course of employment, without regard to fault, by imposing a form of strict liability on the employer. Dowling v. Slotnik, 244 Conn. 781, 799, 712 A.2d 396 (1998). CT Page 10402 The Supreme Court has consistently held that the exclusivity provisions of the Workers' Compensation Act operate as a total bar to actions brought by employees against their employers for job related injuries.Sgueglia v. Milne Construction Co., 212 Conn. 427, 433, 562 A.2d 505
(1989). This bar operates whether or not the employee actually collects compensation from the principal employer. Id. Nevertheless, the Supreme Court. recognizes an independent cause of action in tort arising from an insurer's common law duty of good faith. This cause of action is separate and distinct from the plaintiff's statutory claims. Buckman v. PeopleExpress, Inc., 205 Conn. 166, 170, 530 A.2d 596 (1987). An implied covenant of good faith and fair dealing has been applied by this court in a variety of contractual relationships, including insurance contracts. Id.
In the present case, Sikorsky admits that it self-insures its workers' compensation obligations. (See Sikorsky's Answer and Special Defenses, April 12, 1999.) Sikorsky argues, however, that CIGNA and ESIS are the parties responsible for insuring and administering its workers' compensation claims. Nevertheless, the record contains no evidence or documentation to support Sikorsky's position. Therefore, the motion for summary judgment as to count one of the amended complaint must be denied because a genuine issue of material fact exists regarding Sikorsky's obligations as a self-insurer and its relationship to CIGNA and ESIS.
 B Count Two
Sikorsky moves for summary judgment as to count two of the amended complaint on the ground that the plaintiff cannot prevail on his CUTPA and CUIPA claims. Specifically, Sikorsky argues that the employer-employee relationship does not fall within the definition of "trade or commerce" for purposes of an action under CUTPA. Sikorsky further argues that because CIGNA and ESIS were the parties responsible for administering the plaintiff's workers' compensation claim, there is no factual basis for an allegation of unfair insurance claim settlement practices against it.
The plaintiff argues, in opposition to the motion that although Sikorsky is an employer, the CUIPA cause of action did not arise from his employment, but instead arose from Sikorsky's actions as a self-insurer. The plaintiff further argues that he has alleged a valid cause of action because his CUTPA claim is predicated on a violation of CUIPA, rather than on an employee-employer relationship.
CUTPA, by its own terms, applies to a broad spectrum of commercial CT Page 10403 activity. The operative provision of the act, § 42-110b(a), states merely that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Trade or commerce, in turn, is broadly defined as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." The entire act is remedial in character and must be liberally construed in favor of those whom the legislature intended to benefit. Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480,492, 656 A.2d 1009 (1995). In a CUTPA or CUIPA claim, the insurer's liability is ordinarily based on its conduct in settling or failing to settle the insured's claim and on its claims settlement policies in general. The factual inquiry focuses, not on the nature of the loss and the terms of the insurance contract, but on the conduct of the insurer.Heyman Associates No. 1 v. Insurance Co. of Pennsylvania, 231 Conn. 756,790, 653 A.2d 122 (1995). In a CUIPA and CUTPA claim, the insurer's duty stems not from the private insurance agreement but from a duty imposed by statute. Id. Section 38a-816(6) prohibits unfair claim settlement practices. Under this section of CUIPA, the claimant must allege and prove facts sufficient to show that the insurer was committing or performing certain specified acts with such frequency as to indicate a general business practice. Heyman Associates No. 1 v. Insurance Co. ofPennsylvania., supra, 231 Conn. 796.
In requiring proof that the insurer has engaged in unfair settlement practices with such frequency as to indicate a general business practice", the legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct. Lees v.Middlesex Ins. Co., 229 Conn. 842, 849, 643 A.2d 1282 (1994) The alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not give rise to the level of a "general business practice" as required by § 38a-816(6). Id.
A CUTPA claim based on an alleged unfair claim settlement practice prohibited by § 38a-816 (6) requires proof, as under CUIPA, that the unfair settlement practice has been committed or performed by the defendant "with such frequency as to indicate a general business practice." In so holding, our Supreme Court observed that a CUTPA claim based on the public policy embodied in CUIPA must be consistent with the regulatory principles established therein, and that the definition of unacceptable insurer conduct in § 38a-816(6) reflects the legislative determination that isolated instances of unfair insurance settlement practices are not so violative of the public policy of this state as to warrant statutory intervention. Lees, supra, 850-851. If the plaintiff's CT Page 10404 evidence was insufficient to satisfy the requirement under CUIPA that alleged unfair claim settlement practices constituted a "general business practice", the plaintiff's CUTPA claim cannot survive the failure of the CUIPA claim. Lees v. Middlesex Ins. Co., supra. Furthermore, the employer-employee relationship does not fall within the definition of trade or commerce for the purposes of an action under CUTPA. Although an employer may engage employees for the purpose of promoting trade or commerce, the actual employment relationship is not itself a trade or commerce for the purpose of CUTPA. Quimby v. Kimberly Clark Corp.,28 Conn. App. 660, 670, 613 A.2d 838 (1992).[2]
Furthermore, our Supreme Court has stated that a workers' compensation employer that elects to self-insure is not an "insurer" under title 38a of the General Statutes. See Doucette v. Pomes, 247 Conn. 442, 457,724 A.2d 481 (1999). In that case the court said:
 "[a]n employer that self-insures for workers' compensation purposes retains its own risk; it does not assume the risk of another. Moreover, it does not receive consideration. It is merely fulfilling its obligations under the Workers' Compensation Act to ensure that its workers will receive compensation under the appropriate circumstances. Therefore, "according to the language of § 38a-1(10), the definition of insurance does not include self-insurance . . . ." Doucette v. Pomes, supra, 247 Conn. 456-57.
Here, the plaintiff has not provided any evidence or documentation to support his allegations that Sikorsky wrongfully failed to settle similar claims presented by other claimants or has committed the alleged wrongful acts with such frequency as to indicate a general business practice. SeeLees v. Middlesex Ins. Co., supra, 229 Conn. 850. Indeed, based on the record, it appears that the CUTPA and CUIPA claims are predicated solely on Sikorsky's alleged failure to appropriately settle the plaintiff's workers' compensation claim. (See Plaintiff's Affidavit.) Since the plaintiff's evidence is insufficient to establish that Sikorsky's alleged unfair claim settlement practices constitute a general business practice, the plaintiff's CUTPA claim does not survive the failure of his CUIPA claim. See Lees v. Middlesex Ins. Co., supra, 229 Conn. 851.
Moreover, because "self-insurance" is not "insurance" for workers' compensation purposes; see Doucette v. Pomes, supra, 247 Conn. 457; Sikorsky's election to fulfill its workers' compensation obligations through self-insurance is insufficient evidence to establish that it is in the insurance business. See General Statutes § 38a-815. Because Sikorsky is not in the business of insurance, the plaintiff's CUTPA CT Page 10405 claim, which arises out of the subsequent processing of his workers' compensation claim, amounts to an action against his employer and is therefore barred by the exclusivity principle of the Workers' Compensation Act. See Conzo v. Aetna Ins. Co., 243 Conn. 677, 680-81,705 A.2d 1020 (1998). There is no genuine issue of material fact and Sikorsky is entitled to judgment as a matter of law as to count two of the amended complaint.
Based upon the foregoing reasoning, Sikorsky's motion for summary judgment is hereby DENIED as to count one and GRANTED as to count two of the plaintiff's amended complaint.
MELVILLE, J.