ALPHEUS HORNEY *v.* CYRUS JOHNSON ET AL.

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, Js.

Argued January 10—decision released February 11, 1975

*Robert E. Reilly,* with whom was *Frederick P. Amore,* for the appellant (plaintiff).

*William J. Doyle,* for the appellee (defendant Nustone Industries, Inc.).

PER CURIAM. This is an appeal from a summary judgment issued on motion of one of the defendants, Nustone Industries, Inc., hereafter referred to as the defendant. From a stipulation of facts and a finding by the court, the following facts appear: The plaintiff was employed by the defendant and on July 7, 1967, on his way to work, drove his automobile into a parking lot maintained by his employer for employee parking. There, while he was in the process of exiting from his automobile to begin his day's work, he was struck by a truck owned by the defendant and operated by a fellow employee. The defendant was an "employer" within the meaning of that term as used in the Workmen's Compensation Act, chapter 568 of the General Statutes. The plaintiff filed a claim against the defendant for compen-

sation benefits pursuant to the Workmen's Compensation Act and the defendant has paid him compensation benefits pursuant to the provisions of that act. The plaintiff's attorney wrote a letter to the workmen's compensation commissioner dated August 28, 1967, in which he stated that the plaintiff was accepting workmen's compensation benefits "without prejudice to our negligence claim against the employee of Nustone and said corporation."

In answer to the plaintiff's complaint, the defendant filed on October 23, 1968, a special defense alleging that at the time of the accident the plaintiff was employed by the defendant, that the accident arose out of and in the course of such employment, that the defendant had taken all actions required of it by the Workmen's Compensation Act, that the plaintiff had filed a claim pursuant to that act, and that under § 31-284 of the General Statutes the benefits of that act constitute the plaintiff's exclusive remedy against the defendant so that the court does not have jurisdiction of the negligence claim alleged against the defendant. On June 19, 1973, the defendant filed the stipulation of facts to which we have hereinbefore referred, executed by the attorneys for the parties, and a motion for summary judgment claiming that there was no genuine issue as to any material fact with respect to its special defense. After hearing, the court rendered judgment, finding that there existed no genuine issue as to any material fact with respect to liability and that the defendant was entitled to judgment as a matter of law. It is from this judgment that the plaintiff appealed to this court.

In view of the contents of the stipulation of facts entered into by the parties, the provisions of § 31-284

of the General Statutes, and the holding of such cases as *Hughes* v. *American Brass Co.*, 141 Conn. 231, 104 A.2d 896, we find no error in the conclusion of the court that there existed no genuine issue as to any material fact and in its rendition of judgment for the defendant.

There is no error.