LISA PAGANI *v.* BT II, LIMITED PARTNERSHIP ET AL.
(8805)

O'CONNELL, FOTI and HEIMAN, Js.

Argued January 9—decision released June 4, 1991

*Warren W. Pierce II,* with whom was *Donald J. O'Brien,* for the appellant-appellee (named defendant).

*Donald R. Holtman,*with whom, on the brief, was *William Norton,* for the appellee-appellant (plaintiff).

HEIMAN, J. The defendant[1] appeals from the judgment, rendered after a jury trial, awarding the plaintiff $8440.48. The plaintiff has cross appealed.

---

[1] BT II, Limited Partnership, James H. Dumond and Wallace E. Ronald were named as defendants in the plaintiff's complaint. The action was withdrawn as to Dumond and Ronald before trial. For the purpose of this opinion, the term defendant refers only to BT II, Limited Partnership.

In its appeal, the defendant claims that the trial court improperly (1) refused to credit its claim that the knowing but passive acceptance of workers' compensation benefits by the plaintiff precluded her from maintaining a civil action for her injury, (2) denied its motion to set aside the verdict, and (3) granted the plaintiff's motion in limine that precluded the defendant from offering evidence of the receipt by the plaintiff of workers' compensation payments.

In her cross appeal, the plaintiff challenges the actions of the trial court in (1) refusing to submit a CUTPA[2] count to the jury, (2) refusing to admit the plaintiff's exhibit I for identification into evidence as a full exhibit, (3) submitting interrogatories to the jury, and (4) ordering the plaintiff to reimburse to the defendant's workers' compensation insurer all payments made by it for her benefit.

We affirm that portion of the judgment from which the defendant appeals and reverse the judgment on the plaintiff's cross appeal with regard to the order of reimbursement only.

The jury could reasonably have found the following facts. On January 30, 1987, the plaintiff was employed as a cocktail waitress at a restaurant known as BT II, which was owned and operated by the defendant. She arrived at the restaurant sixty to ninety minutes before the commencement of her work day in order to eat a meal prior to beginning her shift. All employees of the defendant received discounts on food. The maximum discount was available only on days that the employee was scheduled to work. On the day in question, the plaintiff sat at a special table that was reserved for employees, ordered, and consumed a meal. Subsequently,

---

[2] CUTPA is the acronym that will be used throughout this opinion for the Connecticut Unfair Trade Practices Act found in General Statutes § 42-110a et seq.

she changed her clothes on the premises and prepared to begin work. Within seventy-two hours, the plaintiff was afflicted with salmonella poisoning. She notified the defendant that she would be unable to work because of the illness. As a consequence of her illness, the plaintiff was under the care of a physician, and was admitted to the New Britain General Hospital for four days. By February 27, 1987, the plaintiff was feeling well, although she was not permitted to resume work in a food handling facility until she had tested negative for salmonella on three successive occasions. The plaintiff's hospital, medical and prescription bills approximated $2342.38, and her lost wage claim was approximately $1600.23.

## I
### THE DEFENDANT'S APPEAL

### A

The defendant first asserts that the plaintiff's knowing acceptance of workers' compensation benefits constitutes a waiver of her right to prosecute this civil action, and that a contrary result would frustrate the legislative intent of General Statutes § 31-284 of the Connecticut Workers' Compensation Act. We do not agree.

Several additional facts are necessary to a resolution of this claim. After she fell ill, the plaintiff notified her supervisor of her illness and advised her that she would be unable to work her shifts. The supervisor notified the defendant's workers' compensation carrier. On its own, the carrier began sending checks to the plaintiff for lost wages, and paid medical, hospital and prescription bills on behalf of the plaintiff. The carrier's total expenditure was $3901. The carrier was not a party to this action.

The defendant argues that the passive acceptance by the plaintiff of these payments precludes her from maintaining her civil action. We do not agree.

Our scheme of workers' compensation creates an exclusive remedy for job related injuries. *Sgueglia* v. *Milne Construction Co.*, 212 Conn. 427, 433, 562 A.2d 505 (1989). Our statute is mandatory in its terms and specifically provides that an employer "shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . . but an employer shall secure compensation for his employees . . . ." General Statutes § 31-284 (a).

The defendant did not pursue either an estoppel theory or a claim of election of remedies before the trial court. Its theory, simply stated, is that voluntary payments that are made by an employer's workers' compensation carrier to an employee who falls ill, preclude that employee from maintaining a civil action against the employer even where the plaintiff asserts that her illness did not arise out of or in the course of her employment.

Our Supreme Court has expressly stated that "[t]he purpose of the [workers'] compensation statute is to compensate the worker for injuries arising out of and in the course of employment, without regard to fault, by imposing a form of strict liability on the employer." *Jett* v. *Dunlap,* 179 Conn. 215, 217, 425 A.2d 1263 (1979).

We are not prepared to provide an employer with an election of remedies when the employee, for whose benefit the statute was enacted, is statutorily denied this privilege. See *Klapproth* v. *Turner,* 156 Conn. 276, 279, 240 A.2d 886 (1968). Our examination of the statutes relating to workers' compensation does not admit to such a construction.

When a plaintiff has filed a workers' compensation claim against a defendant employer seeking compensation for injuries, and the employee has been paid such benefits, the employee is thereafter precluded from seeking damages from the employer in a common law tort action. *Horney* v. *Johnson,* 167 Conn. 621, 622–23, 356 A.2d 879 (1975). We cannot, however, say that the defendant employer, by its voluntary actions, can create an exclusive remedy where none is created by statute.

It is a salutary rule of statutory construction that statutes in derogation of the common law are to be strictly construed. *McKinley* v. *Musshorn,* 185 Conn. 616, 621, 441 A.2d 600 (1981). "In a word, these statutes compromise an employee's right to a common law tort action for work related injuries in return for relatively quick and certain compensation." *Mingachos* v. *CBS, Inc.,* 196 Conn. 91, 97, 491 A.2d 368 (1985). " ' "No statute is to be construed as altering the common law, farther than its words import. It is not to be construed as making any innovation upon the common law which it does not fairly express." . . .' " (Citation omitted.) *State* v. *Nugent,* 199 Conn. 537, 548, 508 A.2d 728 (1986); see also *Zotta* v. *Burns,* 8 Conn. App. 169, 173, 511 A.2d 373 (1986).

To apply the construction advocated by the defendant would, in effect, require us to amend the Workers Compensation Act by judicial fiat. This we are neither authorized nor prepared to do. Cf. *State* v. *Breton,* 212 Conn. 258, 268–69, 562 A.2d 1060 (1989).

## B

The defendant next asserts that the trial court was required to set aside the judgment because there was sufficient evidence to conclude that the plaintiff's injury arose out of and in the course of her employment. We disagree.

The legislative intent of the Workers' Compensation Act is to compensate injured employees for those injuries arising out of and in the course of employment as a form of strict liability on the employer. *Jett* v. *Dunlap,* supra.

In a situation where it is undisputed that the plaintiff was engaged in the course of his employment at the time of his injury, whether he is barred by the Workers' Compensation Act from maintaining a civil action is a question of law for the court. *Velardi* v. *Ryder Truck Rental, Inc.,* 178 Conn. 371, 375, 423 A.2d 77 (1979). Conversely, where, as here, a factual dispute exists as to whether the injury complained of arose out of and in the course of employment, it is an issue for resolution by the trier of fact. *F.A.S. International, Inc.* v. *Reilly,* 179 Conn. 507, 513, 427 A.2d 392 (1980); see also *Parlato* v. *Connecticut Transit,* 181 Conn. 66, 434 A.2d 322 (1980). Further, in this case the defendant assumed the burden of proof on the issue of whether the injury arose out of and in the course of employment by pleading the Workers' Compensation Act as a special defense. *Atlantic Richfield Co.* v. *Canaan Oil Co.,* 202 Conn. 237, 520 A.2d 1008 (1987); see Practice Book § 164.

The defendant argues that the decision of our Supreme Court in *McNamara* v. *Hamden,* 176 Conn. 547, 398 A.2d 1161 (1979), mandates a conclusion that the plaintiff's injury arose out of or in the course of her employment. We do not agree. *McNamara* is an appeal from a decision of a compensation commissioner that held that an injury suffered by an employee during a Ping-Pong game on his employer's premises was not a compensable injury. The court in *McNamara* established tests for determining if an injury is compensable: "In order to be compensable, an injury must (1) arise out of employment; and (2) occur in the

course of the employment. To occur in the course of the employment, the injury must take place (a) within the period of the employment, (b) at a place where the employee may reasonably be, and (c) while the employee is reasonably fulfilling the duties of the employment or doing something incidental to it." Id., 556.

In addition, the rule for determining whether the activity is incidental to the employment turns on whether the activity is regularly engaged in on the employer's premises, within the period of employment, and with the employer's approval or acquiescence. Id. Nothing in *McNamara* transforms these issues into anything other than fact bound issues to be resolved by the trier of fact.

At the defendant's request, interrogatories were submitted to the jury.[3] These interrogatories were prepared by the defendant and were submitted to the jury over the objection of the plaintiff. The trial court instructed the jury that in order for the defendant to prevail on its special defense, all five interrogatories must be answered in the affirmative. Additionally, the trial court charged the jury fully and fairly with respect to the special defense of exclusivity of the workers' compensation act.

---

[3] "1. Did the plaintiff's injury occur within the period of her employment?
"Answer: Yes.
"2. Did the plaintiff's injury occur at a place where she may reasonably have been?
"Answer: Yes.
"3. Did the plaintiff's injury occur while she was reasonably fulfilling her duties of employment?
"Answer: No.
"4. Did the plaintiff's injury occur while she was engaged in conduct that was performed with the regular approval or acquiescence of her employer?
"Answer: Yes.
"5. Was the plaintiff's injury incidental to her employment?
"Answer: Yes."

The defendant took no exceptions to this charge, and specifically did not except to the instruction that all five interrogatories had to be answered affirmatively for the defendant to prevail on its special defense. Further, the defendant does not argue on appeal that the trial court improperly instructed the jury that all five interrogatories had to be answered in the affirmative. It simply asserts that the jury's negative answer to the third interrogatory was not reasonably supported by the evidence. It is not our function to rewrite or amend the issues as presented, nor is it our right to decide issues that are not properly raised by the parties; see *Carley* v. *Lumbermens Mutual Casualty Co.,* 10 Conn. App. 135, 140, 521 A.2d 1053 (1987); as is suggested in part I of the dissent, where it attempts to set forth a claim that all five interrogatories did not require affirmative answers for the defendant to prevail, a position not espoused by the defendant. See *L. F. Pace & Sons, Inc.* v. *Travelers Indemnity Co.,* 9 Conn. App. 30, 35 n.4, 514 A.2d 766, cert. denied, 201 Conn. 811, 516 A.2d 886 (1986). The jury concluded that the injury did not occur while the plaintiff was reasonably fulfilling her duties of employment. On the evidence presented, the jury could fairly reach this conclusion.

In determining whether a verdict should be set aside, the court is obligated first to review the evidence giving it a construction most favorable to sustaining the jury's verdict. *Kalleher* v. *Orr,* 183 Conn. 125, 126–27, 438 A.2d 843 (1981). In addition, the trial court's refusal to disturb the jury's verdict is entitled to great weight, and every reasonable presumption should be given in favor of its correctness. *Waldron* v. *Raccio,* 166 Conn. 608, 618, 353 A.2d 770 (1974); *Shenefield* v. *Greenwich Hospital Assn.,* 10 Conn. App. 239, 247, 522 A.2d 829 (1987). In reviewing this issue, our sole responsibility is to decide·whether, on the evidence presented, the

jury could fairly reach the conclusion they did. *Wu* v. *Fairfield,* 204 Conn. 435, 440, 528 A.2d 364 (1987).

Our review of the evidence leads us to conclude that the trial court was correct in denying the motion to set aside the verdict.

## C

The defendant's final claim is that the trial court acted improperly when it granted a motion in limine, the effect of which was to preclude the introduction of the plaintiff's receipt of workers' compensation payments into evidence. We do not agree.

Trial courts are vested with a wide and liberal discretion with respect to the relevancy of evidence. *Delott* v. *Roraback,* 179 Conn. 406, 414, 426 A.2d 791 (1980); *State* v. *Peruta,* 24 Conn. App. 598, 591 A.2d 140 (1991).

The defendant now claims that it desired to offer evidence of compensation payments to impeach the credibility of the plaintiff. The record does not support this claim. The record reflects that the defendant intended to offer such evidence in order to claim that by accepting the voluntarily offered checks of the carrier, the plaintiff thereby admitted that the injury was compensable and that she is, therefore, barred from bringing an action in tort.[4]

---

[4] "The Court: Counsel, are you pleading estoppel or are you not?

"Mr. Pierce: No. It's not my intent to plead estoppel. I may have used the word—

"The Court: Use the language of estoppel, you've used the language of estoppel in that second defense.

"Mr. Pierce: I realize that. All I'm saying is having held herself to be employee, by accepting the benefits, she should not now be holding herself out as a patron of the restaurant in accepting the benefits. She's accepted benefits is what I'm saying, Your Honor, specifically that is evidence that she is employee on a workers' comp., that's what I'm holding.

"The Court: Wouldn't you be positing that as an evidentiary matter rather than as a special defense?

In light of our discussions with respect to the workers' compensation issues, the trial court was correct in its ruling.

## II

### THE PLAINTIFF'S CROSS APPEAL

#### A

The first claim made by the plaintiff in her cross appeal is that the trial court improperly directed a verdict in favor of the defendant on the third count of the complaint, which alleges a CUTPA claim in violation of General Statutes § 42-110a et seq. We disagree. Because the plaintiff failed to file a motion to set aside the verdict, however, we shall not provide a full review of this claim. *Atlantic Richfield Co.* v. *Canaan Oil Co.*, supra, 249.

Practice Book § 320 requires that motions to set aside the verdict must be filed within five days after the day the verdict is accepted. General Statutes § 52-228b provides in part that "[n]o verdict in any civil action involving a claim for money damages may be set aside except on written motion by a party to the action, stating the reasons relied upon in its support, filed and heard after notice to the adverse party according to the rules of the court." The reason for requiring such a motion is to give the trial court an opportunity to pass upon claims that may become the subject of appeal. Id.,

---

"Mr. Pierce: Well, Your Honor, I think it goes to a specific instance as I stated earlier. I was contemplating the *Horney* decision at the time, although I disagree with opposing counsel's reading of that decision, and I was contemplating the fact having held one out by accepting benefits as an employee, that it would necessarily follow that if the injury for which the benefits are being offered is work related, that you should not now be asking for jurisdictional, or civil litigation. You've already stated in fact this is a work related injury and that you were an employee, and arose out of the course of your employment."

250–51. The statute and the rule of practice apply with equal force to a directed verdict. Id. In the absence of compliance by the plaintiff with Practice Book § 320 and General Statutes § 52-228b, we are limited in our consideration of the attack upon the directed verdict to the plain error doctrine. Practice Book § 4185; *Dunham* v. *Dunham*, 204 Conn. 303, 310–11, 528 A.2d 1123 (1987).

As a basis for her claim of a CUTPA violation, the plaintiff alleged that her injuries were caused by the defendant's wilful, intentional or reckless disregard for safety and health standards and practices imposed on it by law and by common practice in the restaurant industry.[5] The plaintiff claims that the defendant so wilfully, wantonly, intentionally or recklessly violated such standards, that its conduct violated General Statutes § 42-110a et seq.[6]

The only evidence offered in support of this count was exhibit H, a report of the state department of health services indicating that the defendant's restaurant was found at one inspection to have thirty-four violations of the health regulations. The totality of the plaintiff's complaint was that on one occasion she was served food contaminated with bacteria and other organisms and impurities. The trial court concluded, and we agree, that a single inspection of the premises was not sufficient to establish wanton, intentional or reckless conduct as alleged in the plaintiff's complaint.

[5] Paragraph 9 of the third count of the plaintiff's complaint reads as follows: "9. Plaintiff's injuries were the proximate result of defendants' *wilful, intentional or reckless disregard for safety and health standards* and practices imposed on them by law and by common practice in the restaurant industry." (Emphasis added.)

[6] Paragraph 10 of the third count of plaintiff's complaint reads as follows: "10. By so willfully, wantonly, intentionally or recklessly violating such safety and health standards and practices, the defendants' conduct constituted an unfair or accepted act or practice in violation of the Connecticut Unfair Trade Practices Act (CUTPA), C.G.S. section 42-110a *et seq.*"

"A directed verdict is appropriate 'when the jury could not reasonably and legally have reached any other conclusion.' " *Buckley* v. *Lovallo,* 2 Conn. App. 579, 583, 481 A.2d 1286 (1984). A finding of liability cannot be predicated on conjecture, surmise or guess. *Berchtold* v. *Maggi,* 191 Conn. 266, 273, 464 A.2d 1 (1983). Mere possibilities or suppositions will not sustain a legitimate inference of a fact, nor can such an inference be drawn by conjecture only. *Angelo Tomasso, Inc.* v. *Armor Construction & Paving, Inc.,* 187 Conn. 544, 558 n.8, 447 A.2d 406 (1982). "When an element necessary to a cause of action cannot be established without conjecture, the evidence presented cannot withstand a motion for a directed verdict." *Boehm* v. *Kish,* 201 Conn. 385, 389, 517 A.2d 624 (1986). By couching her complaint in the language that she did, the plaintiff assumed the burden of proving each and every allegation as a condition of having the issue submitted to the jury. An examination of exhibit H reveals that it does not support the claims of the complaint. Thus, the court correctly removed the issue from the consideration of the jury.

The plaintiff also asserts that the trial court based its decision to direct a verdict on an incorrect interpretation of the CUTPA statute. An examination of the record does not support this claim.

The court correctly directed a verdict for the defendant on the CUTPA count of the complaint, and did not commit plain error in so doing.

### B

The plaintiff next claims that the court should have permitted her to enter the defendant's employee manual, that was marked as exhibit I for identification, into evidence as a full exhibit.

The plaintiff's only claim of admissibility is that this exhibit could have impeached a witness on the question of employee benefits. Because this assertion goes only to the applicability of the Workers' Compensation Act to this cause of action, this claim is moot in light of our resolution of that issue.

## C

The plaintiff next attacks the trial court's submission of interrogatories to the jury.

The submission of interrogatories to the jury ordinarily rests within the sound discretion of the trial court. *Ubysz* v. *DiPietro*, 185 Conn. 47, 61, 440 A.2d 830 (1981). The proper function of interrogatories is to provide a means by which the jury may record the findings of fact that form the basis for their verdict. *Gaulton* v. *Reno Paint & Wallpaper Co.*, 177 Conn. 121, 127, 412 A.2d 311 (1979).

The record before us clearly supports the conclusion that the trial court did not abuse its discretion in submitting the interrogatories to the jury.

## D

As her final claim on her cross appeal, the plaintiff asserts that the trial court acted improperly when it ordered that a part of the judgment recovered by the plaintiff be paid over to the defendant's workers' compensation insurer, a nonparty to this action. We agree with the plaintiff.

Subsequent to the verdict in this case, the trial court held a hearing concerning the right of setoff claimed by the defendant in its third special defense. After hearing evidence and argument, the trial court found that the nonparty compensation carrier had paid either to the plaintiff, or for her benefit, the sum of $3902.61.

The trial court then ordered that that sum, or a negotiated lesser settlement, be reimbursed to the compensation carrier from the verdict proceeds.

The record is clear that the workers' compensation carrier did not seek to intervene; General Statutes § 31-293; nor was it impleaded by either party. As to this action, the carrier was not before the court and was a total stranger to the case.

" 'It is the settled rule of this jurisdiction, if indeed it may not be safely called an established principle of general jurisprudence, that no court will proceed to the adjudication of a matter involving conflicting rights and interests, until all persons directly concerned in the event have been actually or constructively notified of the pendency of the proceeding, and given reasonable opportunity to appear and be heard.' " *Winick* v. *Winick,* 153 Conn. 294, 298, 216 A.2d 185 (1965). In the present case, no evidence exists that the carrier was either actually or constructively notified of the hearing.

Additionally, the defendant's pleadings raise only the issue of a right of setoff as against the plaintiff. They do not allege a right of reimbursement that may or may not be due to a nonparty. "Pleadings have their place in our system of jurisprudence. While they are not held to the strict and artificial standard that once prevailed, we still cling to the belief, even in these iconoclastic days, that no orderly administration of justice is possible without them." *Malone* v. *Steinberg,* 138 Conn. 718, 721, 89 A.2d 213 (1952).

Before the court has the power to hear and determine a cause, three elements must exist: (1) the court must have cognizance of the class of cases to which the one to be adjudged belongs; (2) the proper parties must be present; and (3) the point that is to be decided must

be one that is properly raised by the pleadings. *Lobsenz* v. *Davidoff,* 182 Conn. 111, 116, 438 A.2d 21 (1980).

In this case, the compensation carrier, who was a necessary party was not before the court, and the issue that was decided was not raised by the pleadings. The trial court improperly ordered that the plaintiff pay over any part of her recovery to the workers' compensation insurer.

On the defendant's appeal, the judgment is affirmed.

On the plaintiff's cross appeal, that part of the judgment that requires payment by the plaintiff to the workers' compensation carrier is reversed and the case is remanded with direction to render judgment as modified in accordance with this opinion.

In all other respects the judgment is affirmed.

In this opinion FOTI, J., concurred.

O'CONNELL, J., dissenting. I disagree with the majority's decision for three reasons. First, in my opinion, the plaintiff was an employee within the meaning of the Workers' Compensation Act; second, the decision misinterprets the exclusivity of the workers' compensation remedy in Connecticut; and third, the decision applies incorrect rules of statutory construction. Accordingly, it is my opinion that the plaintiff is barred from bringing this tort action against the defendant.

I

The majority's conclusion that the plaintiff's injury falls outside the scope of workers' compensation is unavailing in light of *McNamara* v. *Hamden,* 176 Conn. 547, 398 A.2d 1161 (1979), a seminal case in this area.

I focus on the *McNamara* requirement that the injury must occur when the employee is reasonably fulfilling the duties of the employment *or* doing something incidental to it. Id., 551. This requirement is phrased in the alternative. Therefore, the plaintiff's injury is compensable even if the jury finds that it did not occur while she was fulfilling the duties of her employment if the jury finds that the injury was incidental to her employment.

Although I agree with the majority that this was a fact bound issue, it is my opinion that the jury found facts that brought the injury within the scope of *McNamara* v. *Hamden,* supra. Interrogatory five asked the jury "[W]as the plaintiff's injury incidental to her employment?" and the jury replied "yes." The trial court, however, erroneously instructed the jury that the defendant's workers' compensation special defense was conditioned on all five interrogatories being answered in the affirmative. In my opinion, the defendant sustained its burden of proof on the special defense despite a negative answer to either question three or question five. (See majority footnote 3, supra.)

## II

I also disagree with the majority's analysis of the tort rights of employees and the liability of employers. The majority appears to eliminate an employee's right to sue the employer only if the employee files a workers' compensation claim and the employer pays benefits. Although some jurisdictions provide the worker with such an election of remedies, Connecticut does not. General Statutes § 31-284.[1] "Our Supreme Court has

[1] General Statutes § 31-284 (a) unequivocally states that "[a]n employer *shall not be liable* to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained . . . ." (Emphasis added.)

consistently held that where a worker's personal injury is covered by workers' compensation, statutory compensation is the sole remedy and recovery in common law tort against the employer is barred." *Greene* v. *Metals Selling Corporation,* 3 Conn. App. 40, 45, 484 A.2d 478 (1984). Neither the employee nor the employer may, by their actions, place an injury within or outside the scope of workers' compensation law. Thus, the defendant's voluntary payment of benefits to the plaintiff is irrelevant. "We have consistently held that the exclusivity provisions of the workers' compensation act operate as a total bar to actions brought by employees against their employers for job related injuries. . . . This bar operates whether or not the employee actually collects compensation . . . ." (Citations omitted.) *Sgueglia* v. *Milne Construction Co.,* 212 Conn. 427, 433, 562 A.2d 505 (1989).

## III

I also disagree with the application of the general rule of statutory construction that statutes in derogation of the common law are to be strictly construed. Workers' compensation statutes do not fall under this rule but rather are to be broadly and liberally interpreted so as to effectuate the remedial purpose of the workers' compensation laws. See *Adzima* v. *UAC/Norden Division,* 177 Conn. 107, 117, 411 A.2d 924 (1979).

The jury, through its interrogatories, found that the plaintiff as the defendant's employee, suffered injuries arising out of and in the course of her employment. Consequently, her sole remedy against the defendant was a claim under the Workers' Compensation Act. The trial court should have granted the defendant's motion to set aside the verdict.

I would reverse the judgment and remand the case with instruction to render judgment for the defendant.