[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties have agreed that this motion to dismiss should be treated as a motion to strike pursuant to Gurliacci v. Mayer, 218 Conn. 531. From the ruling in that case, it is clear that the motion to strike addresses the legal sufficiency of the complaint rather than the court's subject matter jurisdiction.
According to the Appellate Court's most recent pronouncement on the issue, an employee's right to sue his employer seems to depend upon whether the employee filed a Workers' Compensation claim or whether the employer paid benefits voluntarily in the absence of the employee's claim, Pagani v. G T II Limited Partnership, 24 Conn. App. 739; see dissent by O'Connell, J. at 755.
Thus, where the legal grounds for a motion to strike are dependent upon underlying facts not alleged in the complaint, the defendant must await the evidence which may be adduced at a later date, Liljedahl Bros. v. Grigsby, 215 Conn. 345, 348. Here, the complaint alleges nothing more than the employer-employee relationship and because the court is acting on a motion to strike, consideration of the defendants' affidavit of March 11, 1991 is impermissible.
The motion to strike is denied.
MOTTOLESE, J.