ELISABETH F. S. SOLOMON *v.* DAVID LEVETT
(10482)

O'CONNELL, FOTI and HEIMAN, Js.

Argued November 30, 1992—decision released January 26, 1993

*John R. Williams,* for the appellant (plaintiff).

*William J. Doyle,* with whom was *Dorit S. Heimer,* for the appellee (defendant).

HEIMAN, J. The plaintiff in this legal malpractice action appeals from a judgment rendered in favor of the defendant after the trial court granted the defendant's motion for a directed verdict. The defendant asserted, and the trial court agreed, that the plaintiff had failed to make out a prima facie case and that the defendant was entitled to judgment as a matter of law. On appeal, the plaintiff claims that the trial court improperly found that she had failed to make out a prima facie case and, therefore, the trial court should have denied the defendant's motion for a directed verdict. We affirm the judgment of the trial court.

In granting the motion for a directed verdict, the trial court found that the plaintiff had presented sufficient evidence to permit the jury to find that an attorney-client relationship existed between the defendant and the plaintiff. While recognizing that a breach of the Rules of Professional Conduct did not, of itself, give rise to a right of recovery for claimed attorney malpractice, the trial court found that sufficient evidence existed to allow the jury to find that the breach of those rules constituted conduct that fell below the requisite standard of care of an attorney. The trial court determined that the plaintiff failed to produce expert testimony to prove that the defendant's breach caused her to suffer damages. The trial court held as a matter of law that such evidence was necessary to permit recovery by the plaintiff, and, on that ground, directed a verdict for the defendant. The plaintiff failed to file a motion to set aside the verdict. This appeal followed.

Because of the limited nature of the issue before us, we will assume, without deciding, that the factual deter-

mination as to the state of the evidence was correct.[1] Since the issue to be resolved does not involve a factual dispute and both parties agree that the defendant offered no expert evidence as to the issue of causation, a further exposition of the facts is not necessary to a proper resolution of this appeal.

The plaintiff asserts that the trial court improperly directed a verdict for the defendant in this legal malpractice action. We disagree. Because the plaintiff failed to file a motion to set aside the verdict, however, we shall not afford full review to this claim. *Atlantic Richfield Co.* v. *Canaan Oil Co.,* 202 Conn. 234, 249–50, 520 A.2d 1008 (1987); *Pagani* v. *BT II, Limited Partnership,* 24 Conn. App. 739, 749–50, 592 A.2d 397, cert. dismissed, 220 Conn. 902, 593 A.2d 968 (1991).

Practice Book § 320 requires that a motion to set aside the verdict be filed within five days after the verdict is accepted. General Statutes § 52-228b provides in part that "[n]o verdict in any civil action involving a claim for money damages may be set aside except on written motion by a party to the action, stating the reasons relied upon in its support, filed and heard after notice to the adverse party according to the rules of the court." Filing a motion to set aside the verdict is necessary to apprise the trial court of any claim that may become the subject of appeal. *Pagani* v. *BT II, Limited Partnership,* supra, 749. Both the statute and the rule of practice apply with equal force to a directed verdict. Id. We are limited in our consideration of the attack on the directed verdict to the plain error doctrine because the plaintiff failed to comply with both Practice Book § 320 and General Statutes § 52-228b. *Dunham* v. *Dunham,* 204 Conn. 303, 310–12, 528 A.2d 1123 (1987); *Pagani* v. *BT II, Limited Partnership,*

---

[1] The defendant contests the trial court's factual determinations that an attorney-client relationship existed between the plaintiff and the defendant and that the evidence was sufficient to permit the jury to find a breach of the Rules of Professional Conduct.

supra, 750; see Practice Book § 4185. Section 4185, which delineates our authority to afford plain error review to a particular case, provides in pertinent part that "[t]he court may in the interests of justice notice plain error not brought to the attention of the trial court." We reserve plain error review for " 'truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings.' " *Saporoso* v. *Aetna Life & Casualty Co.,* 221 Conn. 356, 363, 603 A.2d 1160 (1992), quoting *State* v. *Hinckley,* 198 Conn. 77, 87–88, 502 A.2d 388 (1985). In conducting a plain error review we are not inclined to reconsider our own precedent. *Saporoso* v. *Aetna Life & Casualty Co.,* supra, 368.

In this case, the trial court adhered to existing precedent in directing a verdict in favor of the defendant when the plaintiff failed to produce expert testimony to demonstrate that the defendant's breach proximately caused her injuries. "In a legal malpractice action, the plaintiff must produce expert testimony (1) that a breach of the professional standard of care has occurred, and (2) that the breach was the proximate cause of the injuries suffered by the plaintiff." *Somma* v. *Gracey,* 15 Conn. App. 371, 374–75, 544 A.2d 668 (1988). We will not revisit existing precedent in a review limited to plain error. *Saporoso* v. *Aetna Life & Casualty Co.,* supra; *Atlantic Richfield Co.* v. *Canaan Oil Co.,* supra, 252. We conclude that the plaintiff's claim that the trial court's direction of the verdict was improper fails to meet the test necessary to warrant review under the plain error doctrine. See *Mozzer* v. *Bush,* 11 Conn. App. 434, 438, 527 A.2d 727 (1987). The plaintiff's claim that the trial court improperly directed a verdict in favor of the defendant is without merit.

The judgment is affirmed.

In this opinion the other judges concurred.