[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendants have filed a motion for summary judgment claiming that the plaintiff is barred from bringing a negligence claim against them based on 31-284(a) of the General Statutes, which prevents an employee from bringing a civil action against his employer for injuries sustained in the course of his employment, and limits the employee to workers' compensation payments under the Workers' Compensation Act. See Jett v. Dunlap, 179 Conn. 215, 217; Crisanti v. Cremo Brewing Co.,136 Conn. 529, 531. In a proper case a defendant can move for summary judgment on the ground that the Workers' Compensation Act is the exclusive remedy for an employee — injured in the course of employment. Nolan v. Borkowski, 206 Conn. 495, 500. Moreover, when a plaintiff has a workers' compensation claim against a defendant employer seeking compensation for injuries, and the employee has been paid benefits, the employee is thereafter precluded from seeking damages from the employer in a common law tort action. Pagani v. BT II Limited Partnership,24 Conn. App. 739, 744; Horney v. Johnson, 167 Conn. 621, 622-23.
This case presents an unusual factual situation in that the plaintiff has not sued his immediate employer, but rather a parent corporation. The plaintiff was an employee of Bradlees New England, Inc., which was a wholly owned subsidiary of Bradlees New England Holdings, Inc., which in turn was wholly owned by The Stop Shop Companies, Inc. The plaintiff's salary was apparently paid by S S Credit Co., Inc. an affiliate company, which was one of The Stop Shop family of companies. The defendant Stop Shop Holdings, Inc., is also a subsidiary of The Stop Shop Companies, Inc. The defendants allege that The Stop Shop Companies, Inc. was the parent corporation which CT Page 4293-A owned, controlled and managed through its subsidiaries the Bradlees stores, including the one where the plaintiff was employed. The defendants contend that all Bradlees employees were actually employees of the parent company, which entitles it to assert the workers' compensation defense since it is, in effect, the plaintiff's employer. The plaintiff contends that the defendants' have admitted that different corporate entities employed the plaintiff, the employment arrangement still presents questions of fact, and there is a further question of fact as to who actually owed or leased the tractor and trailer in which the plaintiff was injured. It is apparently undisputed that The Stop Shop Companies, Inc. provided workers' compensation benefits for both Bradlees and Stop Shop employees, and documents filed with the motion for summary judgment indicate the employer as The Stop Shop Companies, Inc. Checks for workers' compensation benefits were also paid to the plaintiff by The Stop Shop Companies, Inc.
The court does not resolve at this time whether there are any genuine issues as to material facts. In order to be entitled to summary judgment, the moving party must also show that it is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. There is a question of law whether a parent corporation can claim common law tort immunity under 31-284 of the General Statutes when the employee is employed by a subsidiary corporation. The defendants cite a Michigan case which precluded an employee from maintaining a common law action against the parent company which provided and maintained workers' compensation insurance coverage for all of the local retail stores owned by its subsidiaries. See Wells v. Firestone Tire and Rubber Co., 421 Mich. 641, 364 N.W.2d 670
(1984). The dissenting opinion in that case, however, pointed out that the majority of states do not extend the exclusive remedy provision of a workers' compensation act by treating parent and subsidiary corporation, as a single entity. Id., 364 N.W.2d at 677
referencing Gregory v. Garrett Corp., 578 F. Sup. 871 (S.D. N.Y. 1983), construing Connecticut law. The Gregory case indicated that the courts of Connecticut and other states do not allow the parent corporation to claim the workers' compensation defense by claiming that it is the alter ego of the subsidiary, by a reverse application of the doctrine of piercing the corporate veil, or that the parent and subsidiary corporations are so intertwined as to be a single entity. Id., 578 F. Supp. at 866, citing Doe v. Saracyn Corp., 138 Conn. 69; Wheeler v. New York, N.H. H.R. Co., 112 Conn. 510. While it involves a different fact pattern, the CT Page 4293-B Wheeler case indicates that a parent corporation cannot ordinarily claim the workers' compensation defense for an employee who works for a subsidiary corporation.
The concept of treating two legal entities as one has generally been invoked for the purpose of protecting third parties who have dealt with them and to prevent avoidance of existing legal obligations by use of the corporate structure. Connecticut Co. v. New York, N.H. H.R. Co., 94 Conn. 13, 25, 26 (successor corporation). [A related concept is piercing the corporate veil. See Angelo Tomasso Inc. v. Armor Construction Paving, Inc.,187 Conn. 544, 552-557 and cases cited therein.] It is not customarily used for the benefit of the corporations involved.
On the other hand, the defendants mark the persuasive equitable argument that the parent corporation, Stop Shop Holdings, Inc. should not be liable to the plaintiff for both workers' compensation benefits and damages in a tort action. The concept behind workers' compensation statutes is to compensate the employee injured in the course of employment without regard to fault by imposing a form of strict liability on the employer, in return for precluding the employee from bringing a civil action against the employer. Jett v. Dunlap, 179 Conn. 215-217. While not squarely raised by the motion for summary judgment, this case also has the component that the plaintiff has applied for and has been paid workers' compensation benefits by the parent corporation. In Pagani v. BT II Limited Partnership, supra, 744, the Appellate Court stated that the defendant employer, by its voluntary actions, cannot make workers' compensation an exclusive remedy where not provided by statute. However, in Grant v. Bassman, 221 Conn. 465, 471, the Supreme Court recognized that whether election of the workers' compensation remedy by the employee precluded a civil action was an undecided question, (but declined to decide it because it was not properly raised by a motion to dismiss).
While the motion for summary judgment must be denied because there is a question of law with arguably intertwined questions of fact, this court agrees with the defendants that this is a good case for a reservation of rights to the Supreme Court or the Appellate Court pursuant to 4147 of the Practice Book, particularly since there are no recent decisions on the issue. There are the related questions of election of remedies, whether and to what extent the parent corporation can recoup the compensation benefits paid in the civil action if the plaintiff recovers a judgment, CT Page 4293-C and whether either defendant can intervene as an employer pursuant to 31-293 of the General Statutes.
The motion for summary judgment is denied.