[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 1672
The plaintiff Audrey Hodges was an employee of Bridgeport Hospital when she took her evening break on December 4, 1991, to have dinner in the hospital cafeteria. She bit down on a brownie containing a metal washer and suffered injury. She has filed this action against the defendant Marriott Corporation that operated the cafeteria and Bridgeport Hospital that owned and maintained the premises, alleging that their negligence caused her personal injuries.
The defendant hospital has filed a motion for summary judgment on the grounds that, because she was an employee of the defendant at the time of the injury, her claim is barred by Conn. Gen. Stat. Sec. 31-284, the Worker's Compensation Act, which operates as her exclusive remedy against the defendant. The plaintiff claims that she was not on the job or in the course of her employment when the injury occurred, so that the Worker's Compensation Act is inapplicable.
In order to fall under the Worker's Compensation Act, an injury must
 (1) arise out of the employment; and (2) occur in the course of the employment. To occur in the course of the employment, the injury must take place (a) within the period of the employment, (b) at a place where the employee may reasonably be, and (c) while the employee is reasonably fulfilling the duties of the employment or doing something incidental to it.
McNamara v. Hamden, 176 Conn. 547, 556 (1979). The question of whether an activity is "incidental" to employment has been held to mean that the activity is regularly engaged in on the employer's premises within the period of the employment, with the employer's approval or acquiescence. Id.
The defendant's supporting papers urging summary judgment include a half-page affidavit from the head nurse of the operating room attesting that the plaintiff worked the 3:00 p. m. to 11:00 p. m. shift on December 4, 1991, and that, as part of her shift, the plaintiff was entitled to one dinner break. No other papers CT Page 1673 attesting to any facts were submitted by the defendant hospital. The plaintiff submitted a short affidavit in opposition to summary judgment in which she states that it was not a rule of the hospital that she stay on the premises during her break or that she take her meal in the cafeteria.
From neither of these affidavits is the court able to determine that the activity of eating dinner on break in the cafeteria by employees such as the plaintiff is "regularly engaged in" or done on the premises "with the employer's approval or acquiescence." Id.
Were the court able to go outside the submissions of the parties and apply its own observations of countless hospital cafeterias, the court might find the defendant able to carry its burden of showing no material fact in issue; but the court is bound by Conn. Prac. Book Sec. 380 to consider only the documents submitted by the parties. Mindful that the issue of whether an activity engaged in at work is "incidental" is entirely fact-bound and, as such, should be resolved by the trier of fact, Pagani v. BT II, Limited Partnership, 24 Conn. App. 739, 746 (1991); Tovish v. Gerber Electronics, 32 Conn. App. 595, 608 (1993), the court cannot say that there is an absence of any genuine issue of material fact. United Oil Company v. Urban Redevelopment Commission, 158 Conn. 364,378-79 (1969).[1]
The motion for summary judgment is denied.
PATTY JENKINS PITTMAN, JUDGE