[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The plaintiff and the defendant were both employed by the State of Connecticut during the relevant times alleged in the revised complaint, the plaintiff working in the Clerk's Office for small claims and housing matters at Superior Court, G.A. 10 in New London and the defendant as an assistant state's attorney, at G.A. 10 in the same building as the plaintiff. The plaintiff filed an application for a prejudgment remedy which was served on the defendant May 23, 1995. After a hearing, the court granted the application, and the defendant's property was attached in the amount of $60,000.00 on August 10, 1995 and the defendant was served with the complaint on August 11, 1995. Defendant filed a motion to dismiss which was denied by Hammer, J. on December 5, 1995. The plaintiff filed a revised complaint on June 18, 1996 in three counts claiming in the first count intentional, willful and wanton infliction of emotional distress, in the second count claiming negligent infliction of emotional distress and in the third count claiming assault and battery. In her prayer for relief the plaintiff claimed actual and punitive damages, attorneys fees and further equitable relief. On or about November 22, 1996, the defendant filed a motion to strike all counts of the complaint and the prayer for relief accompanied by a memorandum of law. On December 23, 1996, the plaintiff filed a memorandum in opposition to the motion to strike.
A motion to strike challenges the legal sufficiency of a pleading. Connecticut Practice Book § 152. See generally,Mingachos v. CBS, Inc. 196 Conn. 91, 108 (1985) (pleadings). The motion admits well pleaded facts but does not admit any legal conclusions or the truth or accuracy of opinions stated in the pleadings. Alarm Applications Co. v. Simsbury Volunteer Fire Co.,
CT Page 675179 Conn. 541, 545 (1980). In ruling on a motion to strike, the court is limited to the facts alleged in the challenged pleadings. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170 (1988); Kania v. Board of Education, 195 Conn. 90, 93 (1985). The court must construe those facts in the manner most favorable to the pleader. Rowe v. Godo, 209 Conn. 273, 278 (1988).
First Count: Defendant's motion claims that this count fails toallege the necessary elements of intentional infliction ofemotional distress, absence of a necessary party and the statuteof limitations.
(A.) Defendant claims that the complaint should contain the four elements which must be established to prove intentional infliction of emotional distress and cites Delaurentis v. NewHaven, 220 Conn. 255, 266-67 (1991).[1] First, it should be noted that defendant made the same claim in his Memorandum dated April 8, 1996 in support of his request to revise dated December 21, 1995. There was no ruling on this Request to Revise, and the defendant abandoned this particular request to have the plaintiff allege these four elements in subsequent Requests to Revise. Second, it should be noted that Delaurentis, supra, was not concerned with a motion to strike but rather the issue of whether these four elements were proven at trial. The fact that the plaintiff must prove these four elements of proof does not mean they have to be alleged in the complaint. Third, in viewing the revised complaint in the light most favorable to the plaintiff (pleader) these four elements are contained in the first count. Number one is contained in paragraph nine by the use of the word "intentional", number two can be construed as a reasonable inference from paragraphs six and nine of the first count, number three is contained in paragraph eight of the first count and number four is contained in said paragraph eight, particularly subparagraph (b) alleging "severe emotional and psychological distress," (emphasis added), and a reasonable inference can be drawn from all of paragraph eight that the emotional distress was severe.
(B). There is no need to join Paul Slyman as a necessary party. The fact that he is the one who showed the videotape to the plaintiff does not relieve the liability of the defendant for making the videotape. The allegation is that the defendant videotaped her, not that he showed it to her.
(C). As for the claim that a defect in the recognizance made CT Page 676 the original service of process on August 11, 1995 invalid, Judge Hammer has already ruled on this issue saying in effect that such defect does not mean lack of personal or subject matter jurisdiction. See his denial dated December 5, 1995 of a motion to dismiss and the transcript of the hearing before him November 13, 1995. If there was personal jurisdiction on August 11, 1995, that is the date the defendant was served.[2] Accordingly, the date this action was commenced is August 11, 1995. Further, it is well settled law in this state that where the complaint alleges a continuing course of wrongdoing, the statute of limitations does not begin to run until such course of conduct is completed. In the case at bar, the complaint alleges a continuing course of conduct from May, 1992 to December 31, 1992. The suit commenced August 11, 1995 which is well within the three year statute of limitations for this tort,[3] and with a continuing course of conduct, all of the conduct from May 1992 to December 31, 1992 is not barred by the statute of limitations.
The motion to strike the first count of complaint is denied.
Second Count: Barred by the statute of limitations.
The motion to strike this count claims that under CGS § 52-584 an action sounding in negligence must be brought ". . . within two years from the date the injury was first sustained or discovered or in the exercise of reasonable care should have been discovered, and except no such action may be brought more than three years from the date of the act or omission complained of. . . ." For the reasons set forth above concerning the statute of limitations for Count One, the plaintiff has clearly met the three year statute of limitations. As for the two year statute of limitations for negligence, the court cannot determine from the revised complaint when the injury was first sustained or discovered or in the exercise of reasonable care should have been discovered. In neither the first request to revise nor in the last two requests to revise[4] was there any request to state the date on which the injuries and damages described in paragraph eight were first sustained or discovered. By the filing of the motion to strike, the defendant, by the order of pleadings, can no longer make a request to revise. The court is, therefore, left with the pleadings as they are and cannot add or detract from them or use or infer facts that are not alleged. Without anything more specific in the revised complaint, the court cannot make a determination as to whether the statute of limitations was violated. Defendant is left to either discovery or possibly a CT Page 677 special defense. However, based upon what is presently before the court, the motion to strike the second count is denied.
Third Count: The motion to strike this count is based upon theclaims that it fails to state a cause of action and is barred bythe statute of limitations.
(A). The parties seem to agree in most part on the definitions of assault and battery. Defendant additionally claims that an assault cannot be accomplished by words alone, that there must be an overt act evidencing some corporeal threat. The court finds that the allegations in paragraphs 6(a)(b)(c)(d)(f) (g)(h)(j) and (k), individually or taken as a whole, constitute overt acts to commit an assault. Both parties state that a battery is a completed assault. Plaintiff claims that any unauthorized invasion of the person is a battery. The court concludes that at the very least "touching and rubbing the plaintiff without the plaintiff's consent" is a battery. Para. 6 (b)). From all of the foregoing, the court concludes that the allegations under Count Three are sufficient as a matter of law to claim that an assault and battery was committed against the plaintiff by the defendant.
(B.) Statute of Limitations:
It should first be noted that it is defendant who requested plaintiff to revise her complaint by dividing it into separate causes of action. However, the main issue raised herein by the defendant (and not really addressed in the plaintiff's brief) is whether the revised complaint dated June 17, 1996 sets up a new cause of action which would then be considered to have been commenced on June 17 1996. Defendant cites Sharp v. Mitchell,209 Conn. 59, 70-75 (1988) which holds that an amendment to a complaint relates back to the date of the initiation of the lawsuit unless it alleges a new cause of action. He also citesKelsall v. Kelsall, 139 Conn. 163, 165 (1974) as holding that "(A)n amendment to a complaint which sets up a new and different cause of action speaks as of the date when it is filed." The operative words here are "sets up". There is no difference between the allegations in paragraphs one through eight of the original complaint and paragraphs one through eight of the Third Count for assault and battery. There are no changes in the allegations, only a change in the conclusion that these allegations also constitute assault and battery. There has been no change in the allegations of facts. (See Sharp v. Mitchell,
CT Page 678 supra). The purpose of not allowing the Third Count to relate back to the original complaint is to prevent prejudice to the defendant by presenting him with a new set of facts at a time too late to investigate or respond to the new set of facts. That is not the case here. The defendant had notice of the exact same allegations of facts in the Third Count when he received the original complaint. The only change is the conclusion of law in the last paragraph. Accordingly, the court finds that a new cause of action has not been set up in the Revised Complaint and it does relate back to the original complaint for statute of limitations purposes.
For all of the foregoing reasons the motion to strike the Third Count is denied.
Workers' Compensation Act:
Defendant claims that the Workers' Compensation Act is the exclusive remedy for the plaintiff. However, said act specifically excludes willful or malicious acts by the employee. Clearly, this takes the Workers' Compensation Act away from the defendant as a shield or defense of the defendant herein in Counts One and Three which allege willful or malicious acts either by that specific language or by the facts alleged in paragraph six of the revised complaint. "The legislative intent of the Workers' Compensation Act is to compensate injured employees for those injuries arising out of and in the course of employment as a form of strict liability on the employer" [emphasis added]. Pagani v. BT II, Limited Partnership,24 Conn. App. 739, at 746 (1991). It is clear from the allegations of the complaint that some of the actions of the defendant were out of the work place and, therefore, at that location the injuries did not result from her being engaged in the course of her employment at the time of her injury. It is conceivable that this may be disputed, and it is conceivable that whether what happened to her in the workplace was during her course of employment may also be disputed. However, as stated in Pagani, supra, at page 745, "this is an issue for resolution by the trier of fact." As to Count Two the defendant may plead said act as a special defense but certainly not in a motion to strike. Accordingly, the motion to strike on the basis on the "exclusivity of the Workers' Compensation Act" is denied.
Immunity of State Employees:
CT Page 679
This is a claim that all counts should be stricken under CGS § 4-165 which provides immunity to state employees from personal liability. First, in his decision of December 5, 1995, Judge Hammer (in the transcript) addressed this issue in deciding subject matter jurisdiction. He found that the question of wanton or wilfull conduct should be decided by an evidentiary hearing, and he denied the motion to dismiss. This is the law of the case, but beyond that, § 4-165 specifically excludes from immunity wanton or willful actions of the employee. As stated above regarding the Worker's Compensation Act, these allegations have been pled in Counts One and Three, and if proven, are exempt from § 4-165. As for Count Two, it is still a question of fact as to whether the defendant' s actions took place "in the discharge of his duties or within the scope of his employment." As in the case of the Worker's Compensation Act, this is an issue for the trier of fact. Although it is, perhaps, a subject for a special defense, it is not a subject for a motion to strike. Therefore, the motion to strike all counts on the basis of state employee immunity is denied.
Prayer for Relief:
It is true that where a tort is willful, wanton or malicious, the injured party may recover punitive damages which include attorney's fees. Markey v. Santagelo, 195 Conn. 76 (1985). The First and Third Counts either allege willful or wanton conduct or allege assault and battery which, can only be willful; and all of the counts in paragraph five allege a pattern of intentionally injurious conduct. The defendant's request to revise paragraph five of the Second Count dated August 23, 1996 to eliminate the word "intentionally" was considered by Judge Hammer on October 2, 1996, and the objection to it was sustained; and even if it were not, the prayer for relief of punitive damages would be proper even though it may apply to only Counts One and Three. However, punitive damages may be pled on its own because it includes attorney's fees. Therefore, the claim for attorney's fees is redundant. Accordingly, the motion to strike the prayer for relief as to punitive damages is denied, but the motion to strike it as to attorney's fees is granted.
Finally, there is the motion to strike the claim for equitable relief because there is an adequate remedy at law. Not only, as plaintiff claims, is this claim unique, but the court also agrees with the statement cited by plaintiff: A court has "inherent power to take all steps that are reasonably necessary CT Page 680 for the administration of justice, including the powers to fashion remedies to enforce its judgments and to impose sanctions in order to enforce its orders." CFM of Connecticut, Inc. v.Chowdhury, 239 Conn. 375, 384 (1996).
On that basis, the motion to strike the claim for equitable relief is denied.
Rittenband, J.