[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE COUNT THREE
This is a three count complaint seeking to recover for personal injuries sustained in a one car accident on December 9, 1995, in which the plaintiff, a passenger in a motor vehicle operated by the defendant Oliveira and owned by defendant Zenon Ufnal, alleges that defendant Oliveira was driving at a high rate of speed, lost control, causing the vehicle to skid off the road and overturn. The third count is directed to the owner Ufnal, based on Oliveira's "reckless disregard" of several motor vehicles statutes resulting in a violation of General Statutes § 14-295.
Defendant moves to strike the third count on the ground that a motor vehicle owner cannot be held vicariously liable for punitive damages based on the operator's reckless driving.
Under Connecticut common law, a defendant may not be held vicariously liable for punitive or exemplary damages. Gionfriddov. Avis Rent A Car Systems, Inc., 192 Conn. 280, 288-89,472 A.2d 306 (1984); Maisenbacker v. Society Concordia,71 Conn. 369, 379, 42 A. 67 (1899). No appellate court has decided whether a defendant may be held vicariously liable for double or treble damages under General Statutes § 52-183. There is a split of authority among superior court decisions with regard to whether the owner of a motor vehicle sued pursuant to General Statutes § 52-183 can be held vicariously liable for multiple damages under General Statutes § 14-295.
General Statutes § 52-183 provides that:
 [i]n any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor CT Page 12712 vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting this presumption.
The defendant Ufnal argues that General Statutes § 52-183
does not contain any language showing a legislative intent to abrogate the common law rule that an owner of a motor vehicle cannot be held vicariously liable for punitive damages. In support of this argument, the defendant relies on Willoughbyv. New Haven, 123 Conn. 446, 454-55, 197 A. 85 (1937), wherein the court held that "[i]n determining whether or not a statute abrogates or modifies a common-law rule the construction must be strict, and the operation of the statute in derogation of the common law is to be limited to matters clearly brought within its scope." See also Pagani v. BT II, Limited Partnership,24 Conn. App. 739, 741, 592 A.2d 397 (1991) (holding that "[n]o statute is to be construed as altering the common law farther than its words import.") (Internal quotation marks omitted.)
Defendant also relies on a line of the superior court decisions including: Silva v. Arroyo, Superior Court, judicial district of New London at New London, Docket No. 537532 (June 26, 1996) (Austin, J.) (17 CONN. L. RPTR. 306); Marin v.Plaskawicki, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 313690 (December 8, 1994) (Maiocco, J.) (13 CONN. L. RPTR. 174); Cunningham v. Langlois,
Superior Court, judicial district of Tolland at Rockville, Docket No. 47976 (October 1, 1991) (McWeeny, J.) (5 CONN. L. RPTR. 79); see also Robinson v. McWeeney, Superior Court, judicial district of New Haven at New Haven, Docket No. 379968 (April 23, 1996) (Corradino, J.) (16 CONN. L. RPTR. 514) (holding that General Statutes § 52-183 does not apply to a claim for the reckless violation of certain motor vehicle laws under the multiple damages statute, General Statutes § 14-295).
 II
There is a line of superior court cases, perhaps more persuasive, which allow the plaintiff to seek multiple damages against non-operator owners. These include Vince v.Negron, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 564244 (May 7, 1997) (Hale, J.); CT Page 12713Tudhope v. J. P. Jarjura Sons, Superior Court, judicial district of Waterbury, Docket No. 98459 (July 23, 1992) (Langenbach, J.) (7 CONN. L. RPTR. 132); Waslewski v. Robinson,
Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 445908 (February 11, 1992) (Byrne, J.) (6 CONN. L. RPTR. 138);Courtios v. Carr, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 393665 (December 12, 1991) (Corrigan, J.) (3 CONN. L. RPTR. 330, 7 CSCR 105); see also Lockwood v. Gorski,
Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 133909 (May 6, 1994) (Mottolese, J.); Rodrigues v.Woodland, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 322890 (November 4, 1987) (Hale, J.) (3 CSCR 21); Knowling v. Severns, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 311246 (January 9, 1987) (Noren, J.) (2 CSCR 235).
In Lockwood v. Gorski, supra, Superior Court, Docket No. 133909, the court held that when the legislature enacted General Statutes § 52-183 it "must be presumed to have been aware of the well established principle . . . that there was no vicarious liability for reckless misconduct at common law. . . . Thus, for the legislature to have set up an evidentiary presumption in two distinct categories of cases, i.e., negligence and recklessness, without that constituting recognition of a cause of action for vicarious recklessness would be attributing to the legislature a useless act." (Citations omitted.)
In Gionfriddo v. Rent A Car Systems, Inc., supra,192 Conn. 290, the Supreme Court held that an owner or lessor of a motor vehicle may be held vicariously liable for exemplary or treble damages pursuant to General Statutes § 14-154a. The court explained that because the statute expressly provides that owners and lessors are liable to the same extent as operators, "the statutory mandate of 14-154a imposes liability to a significantly greater extent than vicariously liability at common law . . . ." Id., 288.
Some superior courts have relied upon Gionfriddo v. Rent A CarSystems, Inc., supra, and have extended this holding to apply to cases arising under General Statutes § 52-183, and have held that a non-operator owner may be held vicariously liable for multiple damages in an action arising under General Statutes § 52-183. See Knowling v. Severns, supra,2 CSCR 235 and Rodrigues v. Woodland, supra, 3 CSCR 22. CT Page 12714
 III
The court has reviewed all the decisions cited by both parties as well as others found by the court and is not persuaded by the cases buttressing the defendant's position. Defendant's motion to strike count three of the plaintiff's complaint is denied.
WAGNER, J.