[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #160
In this action, the plaintiff, Douglas Mola, seeks to recover damages from the defendant, Home Depot for personal injuries allegedly sustained by the plaintiff when he was struck by falling merchandise while patronizing the defendant's store in Norwalk, Connecticut. The defendant moves to strike the fifth count of the plaintiffs second amended complaint (complaint) on the grounds (1) that the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. was not meant to address personal injuries of the type alleged here and (2) the plaintiffs allegations concerning the defendant's motivation are insufficient to state a claim under CUTPA. In response, the plaintiff argues in his memorandum in opposition that be has sufficiently pleaded his cause of action under CUTPA.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations on any complaint . . . that party may do so by filing a motion to strike" Practice Book § 10-39; see also Peter-Michael, Inc. v. SeaShell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998)." A motion to strike admits all facts well pleaded." Parsons v. United TechnologiesCorp., 243 Conn. 66, 68, 700 A.2d 655 (1997). The court "[m]ust construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia,253 Conn. 516, 523, 753 A.2d 927 (2000).
The first issue raised by the defendant's motion is whether the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes §42-110a, et seq. applies in personal injury cases. "[T]he gradual process of judicial inclusion and exclusion . . . has worked, in Connecticut. to include at least some personal injury claims within the ambit of CUTPA." (Citations omitted; internal quotation marks omitted.) Simms v. Candela, CT Page 1435745 Conn. Sup. 267, 274, 711 A.2d 778 (1998). In Simms v. Candela, the court noted that personal injury cases involving CUTPA claims have come before the Appellate Court, and although it was found in each case that the injury was not caused by a CUTPA violation, "[t]here [was] no pronouncement — or even intimation . . . that personal injury allegations and CUTPA claims do not mix." Id., 275; see also Haesche v. Kissner,229 Conn. 213, 640 A.2d 89 (1994); Murray v. Taylor, 65 Conn. App. 300, ___ A.2d ___ (2001); Suarez v. Sordo, 43 Conn. App. 756, 685 A.2d 1144
(1996), cert. denied, 240 Conn. 906, 688 A.2d 334 (1997); Pagani v. BTII, Limited Partnership, 24 Conn. App. 739, 592 A.2d 397, cert. dismissed, 220 Conn. 902, 593 A.2d 968 (1991).
Secondly, the defendant's motion to strike raises the issue whether the plaintiff's allegations regarding the defendant's motive is a sufficient basis to state a claim under CUTPA. CUTPA states in relevant part that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." "It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair." (Internal quotation marks omitted.) Hartford Electric Supply Co. v. Allen-BradleyCo., 250 Conn. 334, 367-68, 736 A.2d 824 (1999). "It is within the trier's province to weigh the CUTPA factors as it sees fit. The law prescribes no precise formula by which the court should balance the criteria." Calandro v. Allstate Insurance. Co., 63 Conn. App. 602, 614,778 A.2d 212 (2001). Accordingly, this court finds that the complaint adequately alleges a CUTPA violation.
The court finds that the plaintiffs fifth count sufficiently pleads a violation of CUTPA, therefore, the defendant's motion to strike is hereby denied.
MINTZ, Judge.