[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Factual Background
This is an action brought in two counts by the plaintiff against the defendant, an attorney-at-law.
The genesis of the action arises from the plaintiff's retention of the defendant to represent him in a personal injury action wherein the plaintiff suffered injury to his left knee during a fall at work. The plaintiff was in the course of his employment at the time and received workers compensation for which the employer (the United States) had a lien for $17,012.79 against the plaintiffs claim in a third party action brought by the defendant in behalf of the plaintiff.
The defendant paid the lien despite the plaintiff's disagreement as to the amount. The plaintiff, however, signed the settlement agreement and accounting presented by the defendant. The plaintiff thereupon personally proceeded to pursue his claim for a reduction asserting that a large portion of the lien was for an injury to his right knee despite the fact that he claimed all of the bills were for treatment to his left knee in the personal injury action. The defendant refused to pursue the reduction because he felt such a claim by him would be an ethical violation on his part. The plaintiff was successful in obtaining a reduction in the lien to $12,514.12. The plaintiff asserts that she is entitled to one-third of the defendant's fee in the negligence case as compensation for this, plus costs and attorneys fees in this action.
The two counts of the complaint are: 1) in negligence or in the nature of legal malpractice; 2) breach of contract and unjust enrichment.
This court finds the issues for the defendant in both counts for the following reasons:
As to the first count, inasmuch as it is in the nature of legal malpractice, it is incumbent on the plaintiff to show by expert testimony (1) that a breach of the professional standard of care has occurred, and (2) that the breach was the proximate cause of the injuries suffered CT Page 14064 by the plaintiff. Solomon v. Levett, 30 Conn. App. 125,128 (1993), Bent v. Green, 39 Conn. Sup. 416, 421 (1983). The plaintiff presented no evidence as to the standard imposed on the defendant and additionally has presented no evidence of a duty of the defendant to pursue such a claim on his behalf. Urban v. Hartford Gas Co., 139 Conn. 301,304 (1952).
As to the second count, the plaintiff has failed to produce any evidence of a contractual obligation undertaken by the defendant to pursue a reduction of the employee's lien.
In addition, this court finds that inasmuch as the same medical bills for which the plaintiff sought exemption for payment were in fact included in the plaintiff's third party claim it would have been improper for the defendant to seek reimbursement therefore.
Judgment may enter for the defendant with costs.
Freed, J.