**Maryalice COOKE, on behalf of Richard COOKE, Plaintiff–Appellant,**

**Alex Cooke, Plaintiff–Appellee,***

**v.**

**WILLIAMS & PATTIS, Law Offices of John R. Williams, Williams, Polan & Pattis, John R. Williams, Esq., Norman A. Pattis, Defendants–Appellees.**

**No. 03–7137.**

United States Court of Appeals, Second Circuit.

May 21, 2004.

---

* This is the caption as it appears on the docket of this Court. In the caption to Maryalice

Maryalice Cooke, North Haven, CT, for Appellant, pro se.

Thomas E. Katon, Susman, Duffy & Segaloff, P.C. (Jennifer L. Schancupp, on brief), New Haven, Ct, for Appellees.

Present: VAN GRAAFEILAND, SACK, and RAGGI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Plaintiff-appellant Maryalice Cooke appeals from the district court's grant, on August 27, 2002, of defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(b). Cooke's complaint alleged various counts under Connecticut law relating to her representation by defendants Williams & Pattis, John R. Williams, and Norman A. Pattis in a prior malpractice action against attorney Herman Tarnow arising out of his representation in negotiating a divorce settlement agreement between Cooke and her former husband, Richard Cooke. The settlement agreement in question did not prepare for or protect against several contingencies, including the possibility that Richard Cooke was bankrupt, or that there was no equity in the marital home. As a result, Cooke ultimately received little under the divorce settlement. In Cooke's underlying malpractice action against Tarnow, the defendants neglected to timely file opposition papers on her behalf to a motion for summary judgment, leading to Cooke's institution of the present suit.

We review a district court's grant of summary judgment *de novo*. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). With respect to the claims predicated on defendants' alleged malpractice, the district court accepted that the defendants had breached the relevant standard of care, but concluded that the claims must nonetheless fail, because Cooke had not presented any evidence showing that Tarnow's underlying breach of duty proximately caused injury to her. As a result, the district court concluded that Cooke could not have prevailed in the

Cooke's papers on appeal, however, she identifies Alex Cooke as "Plaintiff–Appellant" and refers to "Richard Cooke" as "Richard Cooke, Jr."

underlying malpractice action against Tarnow, and by extension could not prevail on her present malpractice claims. *See Solomon v. Levett*, 30 Conn.App. 125, 618 A.2d 1389, 1391 (1993). We agree with the district court's analysis. We also note that although an attorney in Tarnow's position might have taken steps to secure Cooke's interest in the marital residence against the possibility that there was no equity remaining in it, Cooke adduced no admissible evidence identifying specific assets of Richard Cooke that could have been used to secure her interest in the home. Thus, the record before us presents no genuine issue of material fact as to whether Tarnow's failure to secure Cooke's interest in the residence was the proximate cause of any injury to her.

As for Cooke's remaining claims, we also conclude, on substantially the same grounds as articulated by the district court, that summary judgment was warranted.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.